235 So.2d 544 (1970)
Valerie K. FREEDMAN, Appellant,
v.
Evelyn Patricia FREEDMAN, Judith Kramer, Eugene Kramer, Roberta Miller and Earl Miller, Appellees.
Nos. 69-1098, 69-1099.
District Court of Appeal of Florida, Third District.
May 19, 1970.
Rehearing Denied June 8, 1970.
Sibley, Giblin, Levenson & Ward, Talianoff, Waller & Berger, Miami Beach, for appellant.
Dunn & Johnson, Horton & Schwartz, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
CARROLL, Judge.
These appeals arose from an action for declaratory judgment filed by the appellee Evelyn Patricia Freedman as plaintiff, against the appellant Valerie K. Freedman, and others. References herein to appellee are to the plaintiff Evelyn Patricia Freedman.
The orders appealed from were an order granting default against the appellant Valerie K. Freedman for failure to file a timely answer, and an order denying her motion to vacate the default.
Prior to the time within which the appellant-defendant was required to file her defensive pleading, she had filed another pleading in the cause, a motion challenging (unsuccessfully) validity of substituted service. By virtue of such *545 prior pleading the appellant-defendant was entitled to notice before default could be entered against her for failure to timely file a defensive pleading. Rule 1.500(b) FRCP, 31 F.S.A. After plaintiff moved for default, but prior to hearing or action thereon by the court, the appellant-defendant filed her answer. Later the trial court entered the default order, and denied the subsequent motion to vacate.
Rule 1.500(c) FRCP provides: "A party may plead or otherwise defend at any time before default is entered."
In this case, the default was entered by the court against the appealing defendant after her answer had been filed, in contravention of Rule 1.500(c) FRCP. Accordingly, the orders appealed from are reversed, and the cause is remanded to the trial court for further proceeding not inconsistent herewith.