322 So.2d 567 (1975)
Ronald M. GOULD, Appellant,
v.
Henry C. RUZAKOWSKI, Appellee.
No. 75-219.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Lionel Barnet, Miami Beach, for appellant.
James A. Baccus, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant tenant seeks review of a final default judgment for his removal from the leased premises and a $2,349.98 landlord's lien for rent past due.
Plaintiff landlord, Henry Ruzakowski, filed a complaint for removal of tenant and other relief in county court. Defendant, Ronald Gould, filed a motion to transfer the cause to circuit court which was granted.
Thereafter plaintiff moved, pursuant to RCP 1.500(b), Florida Statutes Chapter 83 and § 51.011, Fla. Stat., for the failure of the defendant to file any pleadings for entry of a default judgment for immediate possession of the leased premises, a money judgment for rent due of $2,349.98 plus costs, and an injunction enjoining defendant from removing his personal property from the leased premises until such time as he pays the past due rent. The court entered an order granting plaintiff's motion for default judgment and final judgment granting the relief sought above.
On appeal defendant contends the trial court erred in entering the order and final default judgment when the record clearly showed that the appellant, prior thereto, filed and served papers in the action, but was not served notice of the application for default. We agree.
RCP 1.500(b) clearly provides that the party against whom a motion for default judgment has been filed must be served *568 with a notice if such party has filed or served any paper in the action. The record reflects that although defendant filed a motion to transfer, he was not served with notice of the application for default or of any hearing thereon. Hence, we conclude the trial judge erred in entering his order granting default and final judgment. See Freedman v. Freedman, Fla.App. 1970, 235 So.2d 544.
The order and final judgment are reversed, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.
It is so ordered.