348 So.2d 1212 (1977)
SOUTH FLORIDA VENDORAMA, INC., Appellant,
v.
Michael COLODNY, D. F. of Hollywood, Inc., a Florida Corporation, et al., and Florida Business Opportunities, Inc., Appellees.
Nos. 76-558, 76-737 and 76-738.
District Court of Appeal of Florida, Fourth District.
July 26, 1977.
Joseph R. DeLucca, North Miami, for appellant.
Leo N. Rose, Hunter, Atkinson & Golden, P.A., Hollywood, for appellee, D.F. of Hollywood, Inc.
No brief filed by Michael Colodny.
LETTS, Judge.
This is a consolidated appeal from the granting of an ex parte default judgment for failure to answer a cross claim. We reverse.
The original complaint in interpleader was filed by the named stakeholder, in an agreement for the sale of a business, against the proposed buyer and seller named as defendants. The sale had collapsed and both buyer and seller were demanding the $108,000.00 deposit from the stakeholder. Not unexpectedly, both the buyer and seller filed cross claims against each other, which the buyer duly answered, but which the seller omitted so to do for a period of eighteen months. At the end of this time lapse, the buyer filed a motion for default which the judge granted on the same day without any notice to the seller.[1] Also all on the same afternoon, the judge entered a final default judgment for $108,000.00, plus interest, against the seller and in favor of the buyer.
There are other procedural and factual complications to these consolidated appeals, but the foregoing is deemed adequate for disposition hereunder.
Rule 1.500(b) Fla.R.Civ.P. (1976) provides in pertinent part:
By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute ... the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default. (Emphasis supplied).
*1213 Pursuant to this rule, the buyer defends the entry of the default because of the failure to file any answer to the cross claim. The fallacy in this argument, however, rests upon the words emphasized above in the quoted rule. The seller did file and serve many papers during the eighteen month period including, for example, a motion for continuance, motion to withdraw as counsel, notice of taking deposition and motion for continuance, motion to withdraw as counsel, notice of taking deposition and motion for summary judgment. Similarly, during the same period the buyer, seller and other intervening parties, all rained pleadings on each other. Pursuant thereto they also attended depositions and hearings, all of which indicate to us that neither the litigants nor the court were conscious of the omission.
Without further discussion, we hold that the seller did file and serve "(m)any paper(s) in the action" and was therefore entitled to "notice of the application for default", all in accordance with Rule 1.500(b) Fla.R.Civ.P. (1976). See also Freedman v. Freedman, 235 So.2d 544 (Fla. 3rd DCA 1970).
Reversed and remanded for further proceedings.
MAGER, C.J., and CROSS, J., concur.
NOTES
[1] Note the judge granted this motion, not the clerk.