350 So.2d 364 (1977)
Delton Donald CHAMBERLIN and Beth Morean, Appellants,
v.
MID-CENTURY INSURANCE COMPANY, a Foreign Corporation, Robert Donnelly and Aetna Casualty & Surety Company, Appellees.
No. 77-699.
District Court of Appeal of Florida, Second District.
October 5, 1977.
William D. Keith of Monaco & Cardillo, Naples, for appellant Chamberlin.
G. Holdt Garver of Thomas & Garver, Naples, for appellant Morean.
Kempton P. Logan of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee Mid-Century.
RYDER, Judge.
Appellant/defendant/cross-defendant Chamberlin and appellant/plaintiff Morean appeal from an order denying Chamberlin's motion to vacate default.
Appellant/plaintiff Morean had filed a complaint for personal injuries as a result of an automobile accident against Robert Donnelly, Chamberlin and Chamberlin's alleged insurance carrier Mid-Century Insurance Company. Subsequent thereto, Morean *365 obtained defaults against the two individual defendants. Mid-Century Insurance Company answered, denying coverage of Chamberlin.
On October 3, 1976 Morean and Mid-Century entered into a stipulation allowing Mid-Century to file a cross-claim against Chamberlin. We wish to observe at this juncture that our decision here does not preclude plaintiff's right under this stipulation to proceed accordingly against Mid-Century. The circuit court approved the stipulation on October 5, 1976 and granted Mid-Century leave to file the cross-claim against Chamberlin. Mid-Century filed the cross-claim on November 22, 1976 and obtained constructive service of process on Chamberlin in Michigan.
Mid-Century, on December 16, 1976, moved for entry of a default against Chamberlin for his failure to file or serve any papers in response to the cross-claim and default was entered on December 17, 1976.
In the first week of February 1977, Chamberlin returned to Florida and employed counsel to represent him for the first time. On February 21, 1977, counsel for Chamberlin filed a motion to vacate the default on three grounds, one of which was that the entry of the default was not the result of gross negligence by Chamberlin but because he was not represented by legal counsel. By order of March 25, 1977 the court below denied the motion to vacate the default finding that no evidence of excusable neglect was presented. Chamberlin moved for a re-hearing and said motion was denied on May 4, 1977 from which comes this interlocutory appeal.
Chamberlin urges this court to reverse stating that Florida law is liberal in its policy towards vacating defaults. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962).
Appellant's position is well taken at the trial court level. However, the trial court, after a hearing and consideration of all facts and evidence before it, determined not to vacate the default and the test at the appellate level on this point is as urged by the appellee as also stated by the North Shore court at page 852. Here, the Florida Supreme Court in correcting the 3rd District Court of Appeal on this very point reiterated its position that to reverse a trial court's ruling on a motion to vacate, on appeal, a showing of gross abuse of the trial court's discretion is necessary. See also the Supreme Court's latest discussion of this point in Sterling Drug, Inc. v. Wright, 342 So.2d 503 (Fla. 1977).
After consideration of the record on appeal, the briefs and arguments, we conclude that the trial court below did not grossly abuse its discretion and, therefore, we must affirm.
Affirmed.
GRIMES, Acting C.J., and OTT, J., concur.