376 So.2d 919 (1979)
Ronald J. KIAER, Appellant,
v.
FRIENDSHIP, INC., a Delaware Corporation, and Malcolm C. Berman, Appellees.
Nos. 79-109, 79-270.
District Court of Appeal of Florida, Third District.
November 13, 1979.
*920 Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern and Michael K. McLemore, Miami, for appellant.
A.P. Walter, Jr., Miami, for appellees.
Before HENDRY, HUBBART and NESBITT, JJ.
HENDRY, Judge.
The crux of this consolidated appeal concerns the propriety of the trial court's having entered a default judgment against appellant/defendant, where appellant had had no notice and had earlier filed a responsive pleading in the cause. We reverse.
The suit filed by appellees seeking compensatory and punitive damages was based on allegations that appellant had failed to deliver good title to a yacht which he sold to appellees due to a prior outstanding boatyard bill of over $7,000.00. After two amended complaints were filed by appellees, Kiaer timely filed an answer and set forth several affirmative defenses including, inter alia, that the buyer had knowledge of the lien at the time the purchase contract was entered into; that the buyer had reason to know that appellant-seller was purporting to sell only such right or title to the vessel as he possessed; that the buyer failed to notify the seller within a reasonable time after the buyer's discovery of the alleged breach of the warranty of title. The cause proceeded through discovery, trial dates were set and continuances granted both parties; ultimately, trial was set for the week of December 11, 1978. However, appellant's counsel filed a motion to withdraw as counsel and hearing was had in September, after which the court entered its order granting the withdrawal motion. The record reflects that appellant failed to appear at the non-jury trial scheduled for December 11, 1978, and based on his failure to appear personally and/or have legal representation, the trial court entered its order of final judgment awarding compensatory and punitive damages, as well as costs and expenses to Friendship, Inc. and Malcolm C. Berman. Thereafter in January of 1979, appellant, through present counsel, filed a motion to vacate the default judgment and/or for relief from judgment; the motion was accompanied by two supporting affidavits signed by appellant. The major assertions contained in the affidavits were:
"That prior to December 1978 there had been several continuances of hearings and depositions in this case. Affiant further understood that the target date for trial of this case was in December 1978.
"That prior to December 11, 1978, affiant called `Information' for the telephone number of Judge Gene Williams of the Circuit Court of Dade County, Florida, and was not given a specific number of Judge Williams, but was given the telephone number, XXX-XXX-XXXX for the Circuit Court of Dade County. Affiant then called that number and talked to an unknown female, and affiant inquired as to the status of the trial of this case which had been scheduled for December 1978. This unknown female stated that she was not the regular secretary of Judge Williams, but that all cases had been set over until after the first of the year.
"Affiant received no other notice of the trial of this case. He had no knowledge that the trial of this case occurred on December 11, 1978, until he received the Final Judgment.
"Further affiant states that the continuance of the trial date in December did not appear unusual in view of the Christmas holiday and in view of the previous continuances of hearings and depositions in *921 this case. Affiant also states that he appeared or was represented at all previous hearings in the case and had not disregarded Notices of the Court or of the parties. Affiant also believes that he has meritorious defenses to this claim, and has always intended to defend this claim.
"Affiant also states that after the previous hearing in September 1978, he was hospitalized in September and October at the Eastern Long Island Hospital in Greenport, New York, for serious abdominal surgery including removal of parts of his intestines, and thereafter affiant underwent a substantial period of recuperation and adjustment... . This health condition delayed affiant's preparation for the scheduled trial in December 1978. Affiant did anticipate that he would be represented by counsel at the appropriate time, however, appearance of counsel was not made in December 1978, because affiant was advised that the trial was set over to 1979, as aforesaid. Affiant relied on the advice received in calling the Circuit Court of Dade County, Florida, and based on this advice, he assumed the case would not be reached for trial in December 1978."
* * * * * *
"[T]hat he has meretorious defenses, by adopting and incorporating herein the defenses and affirmative defenses set forth in his answers and motions previously filed in this case, and by stating:
"A. He owed no debt to Norwalk Cove Marina, Inc.
"B. Any debt claimed by Norwalk Cove Marina, Inc., was on an open account and not subject to either a commercial or maritime lien.
"C. At no time has he received any notice of lien from Norwalk Cove Marina, Inc., or any process to establish any such lien.
"D. Prior to the Yacht Purchase Agreement, he represented to the Plaintiffs that he did not have a Master Carpenter's Certificate on the vessel. The Bill of Sale attached to Plaintiffs' Complaint affirmatively shows that the vessel was not registered with the U.S. Coast Guard, as the vessel was not required to be so registered. The official U.S. Coast Guard Bill of Sale, attached to Plaintiffs' Amended Complaint, is the only document necessary to convey title to the Plaintiffs. As disclosed by paragraph 10 of Plaintiffs' Amended Complaint, a Master Carpenter's Certificate was not sought until `subsequent to closing.'
"Affiant and his present counsel are ready to go to trial on the merits of this claim forthwith, upon reasonable notice to the Court and the parties."
After appellant became aware that a final default judgment had been entered against him, he filed the subject motion. At the hearing, the trial judge confirmed that his secretary had been unavailable at the time appellant allegedly attempted to contact his office for information regarding the scheduled trial date on the matter. A review of the full record reflects that Mr. Kiaer appeared through counsel at four hearings; that there is no showing of dilatory tactics evidenced by appellant's actions; that appellant did file the required affidavit(s) in support of his motion to vacate, which prima facie set forth sufficient facts to demonstrate excusable neglect and meritorious defenses.
We have determined, therefore, that under Fla.R.Civ.P. 1.500 and the relevant case law authority, this defendant should have his day in court. The landmark case of North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962),[1] cogently sets down the principles to be considered when examining a motion to vacate a default judgment, at 852-853:
"It is the rule that the opening of judgments is a matter of judicial discretion and `in a case of reasonable doubt, where there has been no trial upon the merits, *922 this discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.' 31 Am.Jur., Judgments, Section 717 ...
* * * * * *
"The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant."
Looking to the rule of civil procedure specifically governing defaults and final judgments, we see that section (b) is applicable here, and the record shows the want of the required notice of application for default having been served upon appellant/defendant. The failure of notice, alone, causes the entrance of default judgment to be improper. See rule 1.500(b), Fla.R.Civ.P.; South Florida Vendorama, Inc. v. Colodny, 348 So.2d 1212 (Fla.4th DCA 1977); Dade County v. Lambert, 334 So.2d 844 (Fla.3d DCA 1976); Freedman v. Freedman, 235 So.2d 544 (Fla.3d DCA 1970).
Based upon the foregoing authorities, and in conjunction with the principle that where there has been no trial on the merits discretion should be liberally exercised in granting applications for vacating default judgments so as to permit a trial on the merits,[2] we reverse and remand the cause to the trial court with directions to vacate the final judgment and proceed in accordance with the views herein expressed.
Reversed and remanded.
NOTES
[1] See also, Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (Fla. 1942); Pan American World Airways, Inc. v. Gregory, 96 So.2d 669 (Fla.3d DCA 1957); Florida Investment Enterprises v. Kentucky Company, 160 So.2d 733 (Fla.1st DCA 1964).
[2] See, Hart v. Weaver, 364 So.2d 524 (Fla.2d DCA 1978) and Gordon v. Vaughan, 193 So.2d 474 (Fla.3d DCA 1967).