383 So.2d 734 (1980)
CHESTER, BLACKBURN & RODER, INC., a Florida Corporation, Appellant,
v.
Donna Belt MARCHESE D/B/a Ful/Line Business Forms and F B F Distributors, Appellee.
No. 79-1519.
District Court of Appeal of Florida, Third District.
May 13, 1980.
Donald F. Geffner, Miami, for appellant.
Swope & Stobs and Kenneth V. Bevan, Miami Shores, for appellee.
Before SCHWARTZ, and NESBITT, JJ., and VANN, HAROLD (Ret.), Associate Judge.
SCHWARTZ, Judge.
The defendant below, Chester, Blackburn & Roder, Inc. appeals from a final money judgment, rendered upon an order of default which had been entered by the court pursuant to Fla.R.Civ.P. 1.500(b). We reverse because, under Fla.R.Civ.P. 1.500(c), the appellant had pled "before [the] default was entered."
The pertinent facts are few and undisputed. The plaintiff-appellee sued the defendant to recover for unpaid goods and services. The defendant filed a motion to dismiss or for a more definite statement. The lower court denied the motion in an order dated March 16, 1979 which gave the defendant "ten days [thereafter] in which to file an answer." The appellant neither filed an answer nor moved for an extension within the time allotted. On April 10, 1979, therefore, the plaintiff filed a motion for default which, as well as the notice of hearing, was served upon the defendant as required by Fla.R.Civ.P. 1.500(b), because it had filed a "paper in the action," the unsuccessful defensive motion.[1] At the beginning of the hearing on the motion, which *735 was set at 1:00 P.M. on April 23, 1979, the defendant's lawyer produced an answer and counterclaim which he apparently served on plaintiff's counsel, and attempted to file with the trial judge. The court refused to accept the pleading on the ground that the only matter noticed and pending was the plaintiff's motion for default. At the conclusion of the hearing, the court signed an order of default tendered by the plaintiff. Shortly thereafter, at 2:41 P.M. on April 23, plaintiff's counsel filed the answer and counterclaim in the clerk's office. The executed order of default, however, was not filed with the clerk until the next day, April 24, 1979. Subsequent to the entry of the default, the court entered final judgment for the amount claimed against the defendant. After the denial of its motion, filed under both Fla.R.Civ.P. 1.500(d) and 1.540, to set aside the default and the judgment, the defendant took this appeal.
We hold that the default for failure to plead, which formed the basis of the final judgment now under review, was improper as in contravention of Fla.R.Civ.P. 1.500(c). That rule succinctly provides that "[a] party may plead or otherwise defend at any time before default is entered." [e.s.] It is plain that an order may not be deemed to have been "entered," notwithstanding its having been signed by the court, until it is actually filed with the clerk. Dibble v. Dibble, 377 So.2d 1001 (Fla.3d DCA 1979); McNitt v. Osborne, 371 So.2d 696 (Fla.3d DCA 1979); see, e.g., Jackson v. Sears, Roebuck and Co., 83 Ariz. 20, 315 P.2d 871 (1957); City of Darien v. Dublinski, 16 Ill. App.3d 140, 304 N.E.2d 769 (1973); Urban Renewal Agency of Colby v. Church of Christ, 211 Kan. 705, 508 P.2d 1227 (1973); Polis v. Alford, 267 S.W.2d 918 (Tex.Civ. App. 1954). In this case, it is undisputed that the answer was filed before the order and therefore before the default was "entered." As in Freedman v. Freedman, 235 So.2d 544, 545 (Fla.3d DCA 1970), therefore, "[i]n this case, the default was entered by the court against the appealing defendant after her answer had been filed, in contravention of Rule 1.500(c) FRCP."[2]
For these reasons, the final judgment below must be reversed[3] and the cause remanded, with directions to vacate the order of default, and for further proceedings not inconsistent herewith.[4]
Reversed and remanded.
NOTES
[1] See Kiaer v. Friendship, Inc., 376 So.2d 919, 922 (Fla.3d DCA 1979), and cases cited; Gould v. Ruzakowski, 322 So.2d 567 (Fla.3d DCA 1975); Freedman v. Freedman, 235 So.2d 544 (Fla.3d DCA 1970).
[2] Our conclusion that the answer was filed before the default order was "entered" renders it unnecessary to decide whether the provision in Rule 1.500(c) that one may "plead" at any time requires that the pleading be actually filed  as well as "served"  before the default is entered, but see Fla.R.Civ.P. 1.080(d), compare Fla.R. Civ.P. 1.500(a); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla.4th DCA 1974). Nor need we determine whether, if it does, the court erred in declining to permit the answer to be filed before him as authorized by Fla.R.Civ.P. 1.080(e).
[3] Since the order of default was erroneous, the final default judgment must be set aside even if, as the appellee argues, the defendant did not show a meritorious defense in support of its motion to vacate. Mo-Con Properties, Inc. v. American Mechanical, Inc., supra, n. 2; see also Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla.3d DCA 1979).
[4] We do not in any way approve the inexcusable dilatoriness exhibited by defense counsel in the trial court. Our opinion, therefore, does not preclude the imposition after remand of appropriate sanctions, short of default, upon the defendant or its lawyer.