384 So.2d 928 (1980)
Sally ZETTLER and Ifa Insurance Company, Appellants,
v.
Rose EHRLICH, Ida Cable and Roy Cable, Appellees.
Nos. 79-698, 79-699.
District Court of Appeal of Florida, Third District.
June 17, 1980.
Rehearing Denied July 11, 1980.
*929 Sullivan, Ranaghan, Bailey & Gleason and Donald A. Wich, Jr., Pompano Beach, for appellants.
Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellees.
Before HUBBART, SCHWARTZ and NESBITT, JJ.
HUBBART, Judge.
This is a consolidated appeal from two final judgments [and sundry other orders] entered after default and a trial on damages in the Circuit Court for the Eleventh Judicial Circuit of Florida. The central issue presented for review is whether the defaults herein were properly entered by the trial court based on this record. For the reasons which follow, we conclude that such defaults were properly entered; we further conclude that no other reversible error is shown. Accordingly, we affirm.

I
The facts pertaining to the central issue presented are undisputed. On December 9, 1977, the plaintiff Rose Ehrlich and the plaintiffs Ida and Roy Cable filed two separate complaints for damages against the defendants Sally Zettler and her insurer the defendant IFA Insurance Company in the Circuit Court for the Eleventh Judicial Circuit of Florida. The action sued upon sounded in tort and arose from a single automobile collision wherein the defendant Zettler was the driver and the plaintiffs Rose Ehrlich and Ida Cable were passengers. *930 On December 16, 1977, the defendant IFA Insurance Company was properly served in both suits through the Insurance Commissioner of Florida.[1] On January 10, 1978, the defendant Zettler was properly served in both suits by personal service; she in turn forwarded the respective suit papers to her insurer, the defendant IFA Insurance Company.
The defendants Zettler and IFA Insurance Company at no time filed any responsive pleading or paper in response to the plaintiff's complaints in each of the above actions. On February 10, 1978, however, Mr. William Mulkeen, [an attorney admitted to practice in New Jersey, but not in Florida, and purporting to act on behalf of both defendants in this cause] wrote a letter to plaintiffs' counsel in Miami, Florida, which letter reads as follows:
"Dr. Mr. Olin:
Prior to your filing suit in the above matter, I attempted to contact you both by phone and by letter. However, I did not receive any response.
Our insured has sent a copy of the suit papers to us. I believe that you are laboring under a misconception as to the IFA Insurance Company. Please be advised that the IFA Insurance Company is a company which is licensed to do business in the State of New Jersey only. IFA does not operate an insurance business in any other state other than New Jersey. IFA does not conduct any mail order type business in any other state and IFA does not insure anyone other than residents of the State of New Jersey. IFA Insurance Company does not have any representatives or any offices in any other state other than New Jersey. In addition, the Insurance Commissioner of the State of Florida is not an agent with the IFA Insurance Company.
In the past, IFA Insurance Company has been confused with the INA Insurance Company, a large nationwide company. IFA is not a subsidiary of any large nationwide company.
In view of the above, it appears that the forum for your insureds' suit would be in the State of New Jersey.
Please call me at your earliest convenience so that we might discuss the above matter.
 Very truly yours,
 /s/ William J. Mulkeen
 WILLIAM J. MULKEEN"
The record further shows correspondence between Mr. Mulkeen and plaintiffs' counsel prior to the filing of suit relative to settlement negotiations.
On March 2, 1978, the plaintiffs took a clerk's default under Fla.R.Civ.P. 1.500(a) against the defendant Zettler in each of the above actions herein. On March 3, 1978, the plaintiffs Ida and Roy Cable took a default by the court under Fla.R.Civ.P. 1.500(b) against the defendant IFA Insurance Company in the Cables' lawsuit; on March 7, 1978, the plaintiff Rose Ehrlich took a default by the court under Fla.R. Civ.P. 1.500(b) against the defendant IFA Insurance Company in her lawsuit.
On August 21, 1978, the plaintiffs noticed both defendants herein for a trial on damages as to both lawsuits. On September 18, 1978, the defendants retained Florida counsel who, in turn, entered an appearance on November 22, 1978 in both actions herein. The defendants thereupon filed motions to vacate the defaults entered herein, which motions after full evidentiary hearings, were denied by the trial court. Appeals from these non-final orders were taken and subsequently dismissed by this court. Zettler v. Cable, 367 So.2d 1139 (Fla. 3d DCA 1979); Zettler v. Ehrlich, 367 So.2d 1139 (Fla. 3d DCA 1979). We denied a stay in both causes and issued our mandate which was received in the trial court.[2]
*931 The cases then proceeded to separate trials on damages, which resulted in jury verdicts and the subsequent entry of final judgments for the plaintiffs herein. The defendants appeal therefrom in both actions which we, by order, have treated as a single consolidated appeal.

II
The central contention raised by the defendants on this appeal is that the trial court erred in failing to set aside the defaults entered in this cause as, it is urged, Fla.R.Civ.P. 1.500(a)(b) did not authorize the entry of such defaults based on this record. We cannot agree.

A
The applicable rule of civil procedure governing the entry of a default by the clerk is Fla.R.Civ.P. 1.500(a) which provides as follows:
"When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper." Fla.R.Civ.P. 1.500(a).
The applicable rule of civil procedure governing the entry of a default by the court, on the other hand, is Fla.R.Civ.P. 1.500(b) which provides as follows:
"When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default." Fla.R.Civ.P. 1.500(b).
As the above rules plainly provide, a party seeking affirmative relief in a civil action may obtain a clerks' default without notice against a defendant in the action who "has failed to file or serve any paper in the action." Fla.R.Civ.P. 1.500(a). Similarly, the same party in a civil action may obtain a default by the court against a defendant in the action "who has failed to plead or otherwise defend as provided by these rules or any applicable statute or order of court... ." Fla.R.Civ.P. 1.500(b); notice to the defendant of the application for default by the court is required only if said defendant "has filed or served any paper in the action." Fla.R. Civ.P. 1.500(b); see Dade County v. Lambert, 334 So.2d 844, 847 (Fla. 3d DCA 1976).

B
Measured by these standards, it is plain that the defaults herein were properly entered against the defendants Zettler and IFA Insurance Company.

1
As to the court's default entered without notice against the defendant IFA Insurance Company, it is clear beyond dispute that said defendant failed to file any responsive pleading or paper in this cause; moreover, the defendant IFA Insurance Company also failed, in our view, to serve any responsive pleading or paper in this cause. As such, the entry of the court's defaults without notice herein was plainly authorized by Fla.R.Civ.P. 1.500(b).
We reject the defendant IFA Insurance Company's contention that Mr. Mulkeen's letter of February 10, 1978, to the plaintiff's counsel constitutes a timely service of a proper pleading or paper so as to preclude a default by the court without notice in this cause under Fla.R.Civ.P. 1.500(b). First, it appears without dispute that Mr. Mulkeen is not a member of the Florida Bar nor was he ever specially admitted as an attorney pro hac vice in this cause, and, accordingly, it follows that the subject letter could not be considered an authorized pleading or paper under Fla.R. Civ.P. 1.030(a). Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980) (case no. 79-613, opinion filed May 20, 1980), and authorities collected. Second, the letter was mailed [February 10, 1978] more than 20 days after service of the plaintiff's complaint upon the defendant IFA Insurance Company [December 16, 1977], and, accordingly, even if it *932 had been an authorized pleading under Florida law, it was untimely served. Fla.R. Civ.P. 1.140(a).
We have not overlooked Terino Bros., Inc. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978), but find it inapplicable because there, unlike this case, a party defendant sent a pro se letter to the plaintiff's counsel answering the plaintiff's complaint within 20 days after service of said complaint, and, accordingly, the court was able to treat the letter as proper service of a pro se answer [authorized under Fla.R.Civ.P. 1.030(b)] so as to defeat a clerk's default. Here we deal with a letter not signed by a party or an attorney authorized to practice law in Florida or specially admitted pro hac vice, which letter was sent long after an answer was due under Florida law; as such, the letter herein cannot be treated, under any circumstances, as timely service of a proper answer so as to preclude a default by the court without notice under Fla.R.Civ.P. 1.540(b).

2
As to the clerk's default entered against the defendant Zettler under Fla.R. Civ.P. 1.500(a), it is clear beyond dispute that said defendant never filed any pleading or paper in the cause. Moreover, the above stated letter sent by Mr. Mulkeen cannot, in our view, constitute service of an answer by the defendant Zettler for the reasons stated above[3] and for the additional reason that the letter did not set up any defense for the defendant Zettler as it related solely to the defendant IFA Insurance Company. As such, the clerk's default entered against the defendant Zettler without notice was proper under Fla.R.Civ.P. 1.500(a).

III
We have considered the other contentions raised by the defendants upon this appeal and find them to be without merit. Murphy v. Murphy, 378 So.2d 27 (Fla. 3d DCA 1979); Chamberlin v. Mid-Century Insurance Co., 350 So.2d 364, 365 (Fla. 2d DCA 1977).
Affirmed.
SCHWARTZ, Judge (specially concurring).
I certainly agree that the February 10, 1978 letter from Mulkeen was not an answer or "pleading" which precluded either the defaults entered against Zettler by the clerk under Fla.R.Civ.P. 1.500(a) or those entered by the court against IFA under Fla.R.Civ.P. 1.500(b). At least as to the insurance company, however, I believe that the letter constituted a "paper" which was "served [by mail] in the action" so as to require that it "be served with notice of the application for default."[1] Fla.R.Civ.P. 1.500(b); Terino Bros., Inc. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978); see Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980) (Schwartz, J., dissenting in part, specially concurring in part); Germanese v. Champlin, 540 S.W.2d 109 (Mo. App. 1976); Roland v. W & L Motor Lines, Inc., 32 N.C. App. 288, 231 S.E.2d 685 (1977); Hansher v. Kaishian, 79 Wis.2d 374, 255 N.W.2d 564 (1977); Graves v. Nutting Truck & Caster Co., 76 Wis.2d 165, 251 N.W.2d 193 (1977).
*933 It clearly appears, however, that the failure to give such notice to IFA was entirely immaterial. The only purpose of such a notice is to give the defendant in question an opportunity to plead before default and thus avoid its being entered.[2] In this case, as clearly demonstrated by the February letter itself, IFA and its lawyer had adopted the obdurate position that it simply was not going to defend the Florida actions. The defaults were entered some two months after the answers were due and only after the plaintiffs' attorney had, on at least two occasions, warned Mulkeen that defaults might be taken if the company did not appear. Moreover, IFA made no appearance at all until November 1978, almost nine months after the defaults and over two months after it had received notice of the jury trials on damages alone. It is plain therefore that the failure to receive notice of the formal applications for default made no difference; IFA would not have timely pled and the defaults would therefore have been properly entered anyway. Essentially because of the harmless error rule, see Section 59.041, Florida Statutes (1977), I concur in the decision to affirm the judgments below.
NOTES
[1] The defendant IFA Insurance Company was also properly given notice that it had 20 days after service to respond to the plaintiffs' complaints.
[2] The subsequent certiorari review sought in the Florida Supreme Court did not preclude the trial court from trying the cause on damages and thereafter entering a final judgment. Murphy v. Murphy, 378 So.2d 27 (Fla. 3d DCA 1979).
[3] Mr. Mulkeen's letter, even if considered an authorized pleading, was also untimely served as to the defendant Zettler because it was mailed [February 10, 1978] more than 20 days after the defendant Zettler had been personally served [January 10, 1978]. Fla.R.Civ.P. 1.140(a).
[1] I disagree with the implication in the majority opinion that a "paper" must be served within the time provided for the filing of a responsive pleading in order to trigger the notice requirements of Fla.R.Civ.P. 1.500(a), (b). So long as a paper is served before the default is actually entered, the rules required notice of the application. See Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979); Gould v. Ruzakowski, 322 So.2d 567 (Fla. 3d DCA 1975). If, after receiving notice, the defendant then "plead or otherwise defends at any time" before default, it may not thereafter be entered. Fla.R.Civ.P. 1.500(c); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980); Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA 1970).
[2] Ibid.