462 So.2d 611 (1985)
Joaquin O. REICHEINBACH, Appellant,
v.
SOUTHEAST BANK, N.A., a National Banking Corporation, Appellee.
No. 84-1298.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Samuel I. Burstyn, Miami, for appellant.
Taylor, Brion, Burker & Greene and Arnaldo Velez, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
BASKIN, Judge.
Appellant Reichenbach challenges the trial court's denial of his motion to vacate a default judgment entered against him in a mortgage foreclosure proceeding. He contends that the bank agreed to a thirty-day extension of time for the filing of pleadings and, relying on Rule 1.500(b), Florida Rules of Civil Procedure, he asserts that a letter confirming the extension, mailed by his attorney to the attorney for the bank, constituted service of a paper entitling him to notice prior to the entry of a default. Appellant points out that the bank continued to participate in settlement discussions with appellant's counsel who remained unaware of the default until he received a copy of the final judgment in the mail. Upon learning of the entry of the final judgment and of the impending auction sale of his residence, appellant promptly filed a motion to set aside the final judgment; however, before the motion was heard, the bank purchased the residence at *612 auction for the sum of $100, leaving a deficiency of $360,368.75.[1] The trial court subsequently denied appellant's motion to vacate the default judgment. We reverse.
Florida Rule of Civil Procedure 1.500(b) provides:
By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
A paper served prior to the entry of default triggers the requirement that the party against whom a default is sought be served with notice of the application. In the case under consideration, the letter[2] confirming the bank's agreement to an extension of time constituted a paper served within the meaning of rule 1.500(b). Zettler v. Ehrlich, 384 So.2d 928 (Fla. 3d DCA 1980) (Schwartz, J., specially concurring). See also, Roland v. W.L. Motor Lines, Inc., 32 N.C. App. 288, 231 S.E.2d 685 (1977). Any paper served prior to the entry of a default[3] requires the furnishing of notice.
We reject appellee's assertion that the letter was insufficient to require notice because it was not a responsive pleading. The rule does not limit the type of paper to be served. We note that the letter was served within the time agreed to by the bank. We hold that the letter served upon appellee fulfilled the requirements of rule 1.500(b) and entitled appellant to notice of default proceedings.
Our holding accords with the liberal policy of Florida courts to grant motions to set aside defaults. See, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983); Schmitz v. Ryan, 427 So.2d 1013 (Fla. 2d DCA 1983). Reasonable doubts are resolved in favor of granting the application and permitting trial upon the merits. North Shore Hospital; Wien v. Quayside Realty, Inc., 462 So.2d 569 (Fla. 3d DCA 1985); Perdue; American Republic Insurance Co. v. Westchester General Hospital, 414 So.2d 1163 (Fla. 3d DCA 1982); Dillon v. Machinery Wholesalers Corp., 414 So.2d 1094 (Fla. 3d DCA 1982).
We are aware that appellant has failed to demonstrate a meritorious defense in support of his motion to vacate; nevertheless, the erroneous entry of the default entitles him to relief. Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 n. 3 (Fla. 3d DCA 1980); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
The Order on Defendant's Motion to Vacate Default Judgment is reversed and the cause is remanded for further proceedings.
NOTES
[1] The deficiency has apparently not been reduced to judgment.
[2] The letter stated:

As per our conversation please be advised that I have been contacted by all of the aboved [sic] captioned defendants in order to represent them.
Before filling [sic] an answer on their behalf, I will need a retainer, and also, as I understand it, Southeast Bank has given a thirty day extension [sic] to Mr. Reichenbach before continuing with the foreclosure.
[3] See Fla.R.Civ.P. 1.500(c); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980); Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA 1970).