501 So.2d 157 (1987)
NCR CORPORATION, Appellant,
v.
CANNON & WOLFE LUMBER CO., INC., Appellee.
Nos. BO-429, BO-29.
District Court of Appeal of Florida, First District.
January 23, 1987.
Michael E. Demont of Gallahger, Baumer, Mikals, Bradford, Cannon & Walters, P.A., Jacksonville, for appellant.
*158 R. Bruce Warren of Warren & Blackburn, Monticello, for appellee.
PER CURIAM.
This cause is before us on appeal from a nonfinal order denying appellant's motion to vacate default judgment (Case No. BO-29) and from nonfinal orders compelling arbitration and adjudicating liability (Case No. BO-429).
We reverse the trial court's order denying the motion to vacate default judgment on the basis that appellant was not afforded notice of appellee's application for default, as required by Rule 1.500(b), Florida Rules of Civil Procedure. The rule provides that if a party serves or files "any paper" in the action, he shall be served with notice of the application for default. We find that appellant served a "paper"[1] in the proceedings below and was thereby entitled to notice. See Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985).
Additionally, we vacate the trial court's order adjudicating liability in favor of the appellee, as it was premised solely on the erroneously entered default. We find no error in the trial court's order compelling arbitration.
Accordingly, this cause is reversed in part and remanded for further proceedings consistent herewith.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.
NOTES
[1] The "paper" filed in this case was a letter drafted and signed by a paralegal employed by appellant's counsel. The letter acknowledged a telephone conversation with appellee's counsel in which appellant was granted an additional 20 days to respond to the third-party complaint.