532 So.2d 1318 (1988)
EGF TAMPA ASSOCIATES, a New York General Partnership, and Pan Am Circle Associates, Ltd., a Florida Limited Partnership, Appellants,
v.
EDGAR V. BOHLEN, G.F.G.M. A.G., a Liechtenstein Corporation, Springall S.A., a Panamanian Corporation, and Naomi Wolffer, Appellees.
No. 87-2100.
District Court of Appeal of Florida, Second District.
October 28, 1988.
*1319 Paul H. Bowen of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellants.
John D. Emmanuel and Steven P. Lee of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
PARKER, Judge.
The appellants seek review of the trial court's denial of their motions to quash service of process and to vacate the clerk's default entered against them and the entry of a default judgment in favor of the appellees. We reverse.
Appellees filed suit in the trial court seeking to recover on a note secured by a mortgage purportedly held by appellees alleging that appellants failed to make payments on the note when they became due and requesting that the trial court foreclose on the mortgage. Copies of the amended complaint and summons were served on appellants in New York. None of the copies of the summons and amended complaint bore the date and hour of service. Upon receiving the summons and amended complaint, appellants contacted their New York counsel, who drafted a letter on their behalf requesting information about the instant lawsuit. In particular, the letter dated January 29, 1987, sought clarification on the ownership of the note and mortgage and confirmation that the required notice of default on the note and mortgage had been communicated to appellants. Appellants did not respond to the amended complaint awaiting appellees' response to their letter.
On March 4, 1987, appellees, without notice to appellants, applied for a default on the basis that appellants failed to plead or file any paper in response to appellees' amended complaint. That same day, the clerk of the court entered a default against appellants. On May 19, 1987, appellants, not having received any response to their letter, proceeded to send another letter to appellees' counsel again seeking information. Appellees did not respond to either letter.
Instead, on May 18, 1987, appellees moved for the entry of a final judgment based upon the clerk's default. Notice of the hearing on the default judgment was served on appellants by mail on May 28, 1987. Appellants immediately on June 4, 1987, moved to quash the service of process and to vacate the clerk's default. The trial court by order denied appellants' motions to vacate the default and quash service of process and entered judgment of foreclosure in favor of appellees.
Appellants then moved for rehearing rearguing the merits of their previous motion to vacate the default. Before the court ruled on this request for rehearing, appellants filed an amended motion for rehearing or, in the alternative, a motion for relief from judgment. In this motion, appellants maintained that the default had been entered improperly because appellees did not serve notice of the application for default on appellants. The trial court denied appellants' amended motion for rehearing or relief from judgment, and appellants commenced this appeal alleging several errors by the court below.
*1320 According to appellants, the trial court erred in (1) denying their amended motion for rehearing which sought to have the default vacated because it was entered without notice to appellants; (2) denying appellants' motion to vacate the default after they had demonstrated excusable neglect and a meritorious defense; and (3) denying appellants' motion to quash service of process, which established appellees' failure to abide by a rule of civil procedure in serving the process on appellants.
Addressing the first issue, under Florida Rule of Civil Procedure 1.500(b), any paper served prior to the entry of a default triggers the requirement that the party against whom the default is sought shall be served with notice of application for default. Crocker Investments, Inc. v. Statesman Life Ins. Co., 515 So.2d 1305 (Fla. 3d DCA 1987), review denied, 525 So.2d 877 (Fla. 1988). A timely letter served by a defendant to a plaintiff, such as the letter of January 29, 1987, sent by appellants' counsel to appellees, can constitute a paper served within the meaning of the rule and entitles the defendant, in this case appellants, to notice of the default proceedings. Id. When default judgments have been found to be improper because they were entered without providing parties with requisite notice, Florida courts have generally granted motions to set aside the defaults. Id. See also Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980).
Appellees, in support of an affirmance, have brought to our attention Zettler v. Ehrlich, 384 So.2d 928 (Fla. 3d DCA 1980), where the third district refused to permit a letter from an out-of-state attorney, not admitted to practice law in Florida, to function as an authorized pleading or paper under Florida Rule of Civil Procedure 1.030(a). However, that court also based its decision upon a second ground, i.e., that the letter was mailed more than twenty days after service of the complaint upon the defendant.[*] The Zettler court stated "even if it [the letter] had been an authorized pleading under Florida law, it was untimely served. Fla.R.Civ.P. 1.140(a)." Id. at 931-32. The court continued:
Here we deal with a letter not signed by a party or an attorney authorized to practice law in Florida or specially admitted pro hac vice, which letter was sent long after an answer was due under Florida law; as such, the letter herein cannot be treated, under any circumstances, as timely service of a proper answer so as to preclude a default by the court without notice under Fla.R.Civ.P. 1.540(b).
Zettler, 384 So.2d at 932. It should be noted also that in Zettler, the out-of-state attorney's letter clearly stated the defendant in that case would not defend the action in the Florida court. By contrast, the appellants by their January 29 letter asserted defenses to appellees' amended complaint, i.e., lack of ownership of the note and mortgage and lack of notice of default on the payments of the note and mortgage.
Looking to what has generally been accepted as a "paper" under rule 1.500(b) sufficient to trigger notice to a party before the court may entertain an application for a default, it appears that courts have applied a liberal construction to the term "paper." For example, a tenant's letter to a landlord, styled as a defense to a landlord's complaint to terminate a lease and accelerate future rentals, was held sufficient to require the tenants to be served *1321 with notice of application for default judgment. J.A.R., Inc. v. Universal American Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986). This was true even though the letter was signed by the corporate officer of the tenant corporation. Id. A defendant's pro se letter mailed to the plaintiff and not filed in the court was also considered the equivalent to an answer served under this rule. Terino Bros. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978). See also Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985) (an attorney's letter which stated that the attorney has not yet been retained was treated as a paper under rule 1.500(b) requiring plaintiff to give notice to the defendants of the application for default); NCR Corp. v. Cannon & Wolfe Lumber Co., 501 So.2d 157 (Fla. 1st DCA 1987) (a letter drafted, signed, and mailed by a paralegal of a law firm deemed a "paper" under rule 1.500 necessitating notice before an entry of default).
There has long existed in Florida a policy of liberality in the opening and vacating of default judgments to the end that substantial justice may be achieved. Schmitz v. Ryan, 427 So.2d 1013 (Fla. 2d DCA 1983). Reasonable doubts are resolved in favor of granting the application and permitting trial upon the merits. Reicheinbach. In furtherance of that policy, we reverse the trial court's refusal to set aside the default in this case. To the extent that Zettler holds that a letter from an attorney, who is not a member of the Florida Bar, cannot be considered an authorized pleading or paper under rule 1.030(a), we disagree with the third district. Since our holding on the first point results in the default judgment being vacated, we do not reach appellants' second issue arguing the merits of appellants' motion to vacate the default.
Finally appellants argue that while they are residents of New York and were served there, section 48.194, Florida Statutes (1985), requires that service of process on persons outside of the state of Florida be made in the same manner as service within the state. Appellants further point out that under Florida Rule of Civil Procedure 1.070(f) in order to effect personal service, the process server must endorse the original and all copies of the process with the date and hour of service, which was not done in this case.
Before appellants sought to have the service of process quashed, however, they raised certain defenses, as previously mentioned, in their attorney's letter to the appellees. A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case or that issue is waived. S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985), review denied, 488 So.2d 68 (Fla. 1986) (citing Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), review denied, 430 So.2d 450 (Fla. 1983)). Appellants' failure to move to quash the service of process initially, before it raised other defenses to the amended complaint by letter, resulted in their waiving the right to assert any defect in the service necessary to obtaining personal jurisdiction.
The default judgment therefore must be set aside, and on remand the trial court should proceed on the merits of the case in a manner consistent with this opinion.
REVERSED AND REMANDED.
RYDER, A.C.J., and HALL, J., concur.
NOTES
[*] Judge Schwartz, specially concurring under a theory of harmless error, challenges this second ground for the majority's decision, stating:

I disagree with the implication in the majority opinion that a "paper" must be served within the time provided for the filing of a responsive pleading in order to trigger the notice requirements of Fla.R.Civ.P. 1.500(a), (b). So long as a paper is served before the default is actually entered, the rules required notice of the application. See Kiaer v. Friendship, Inc., 376 So.2d 919 (Fla. 3d DCA 1979); Gould v. Ruzakowski, 322 So.2d 567 (Fla. 3d DCA 1975). If, after receiving notice, the defendant then "plead or otherwise defends at any time" before default, it may not thereafter be entered. Fla.R.Civ.P. 1.500(c); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980); Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA 1970), cert. denied, 241 So.2d 859 (Fla. 1970).
See also Crowder v. Oroweat Foods Co., 447 So.2d 1038 (Fla. 2d DCA 1984).