KLEIN, Judge.
We reverse an order denying a motion to vacate a clerk’s default obtained without notice, and hold that notice was required because out-of-state counsel had written to plaintiffs counsel confirming an extension of time to answer and advising about settlement negotiations.
Appellant defendant was served in California with a copy of a complaint on January 28, 1993, and defendant’s California counsel obtained an agreement from plaintiffs counsel to extend the time for filing an answer to March 9,1993, because of ongoing settlement discussions. On March 11, 1993, no answer having been filed, plaintiff obtained a clerk’s default without notice. When defendant received notice of the default on March 29, 1993, a copy of which was attached to plaintiffs motion for entry of final judgment, it promptly moved to vacate the default, attaching affidavits and a proposed answer with affirmative defenses and a counterclaim.
In the affidavit the California counsel stated that the parties were actively negotiating a settlement when the March 9, 1993 deadline passed, that because of these negotiations he thought it was unnecessary to meet the deadline, and that he was not aware that a default could be entered without notice *372 where he had previously communicated in writing to counsel for plaintiff.
Florida Rule of Civil Procedure 1.500(a) provides that the clerk can enter a default when the defendant has “failed to file or serve any paper in the action.” Letters similar to this one have been held to constitute a “paper” under the rule and thus require notice before default. In EFG Tampa Associates v. Bohlen, 532 So.2d 1318 (Fla. 2d DCA 1988), a letter drafted by New York counsel requesting information about the lawsuit was held sufficient to require notice of an application for default. In Reicheinbach v. Southeast Bank, 462 So.2d 611 (Fla. 3d DCA 1985), a letter from a lawyer, advising he had not yet been retained, was held sufficient to require notice. In NCR v. Cannon & Wolfe, 501 So.2d 157 (Fla. 1st DCA 1987), a letter signed by a paralegal of a law firm was held sufficient to require notice.
The plaintiff argues that the letter from the out-of-state lawyer, who was not admitted to practice in Florida, cannot constitute the paper contemplated by the rule, citing Zettler v. Ehrlich, 384 So.2d 928 (Fla. 3d DCA 1980). Although that case did involve a letter from an out-of-state lawyer, that was not the only reason the court held the letter to be insufficient. The court also noted that the letter was mailed more than 20 days after service of the complaint and that the letter said that the defendant would not defend the Florida action.
The purpose of a default is to “speed the action toward conclusion on the merits where possible, not to expedite litigation by ex parte actions and surprise.” Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989). We conclude that a letter from defense counsel, confirming an extension of time to plead, is a “paper” within the meaning of the rule, thus requiring notice of an application for a default, and we therefore reverse.
DELL, C.J., and FARMER, J., concur.