686 So.2d 627 (1996)
Dr. Antonio Fernandez DURAN, etc., et al., Petitioners,
v.
JOHN STALDER, INC., Respondent.
No. 96-2063.
District Court of Appeal of Florida, Fifth District.
November 22, 1996.
Rehearing Denied January 22, 1997.
*628 Luis F. Gomez, Sr., of Luis F. Gomez, P.A., Orlando and Marcos R. Marchena, of Marchena and Graham, P.A., Orlando, for Petitioners.
Richard Spice Wheeler and Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for Respondent.
COBB, Judge.
Petitioners ("Duran") seek certiorari review of an order entered by the circuit court in its appellate capacity in favor of respondent, John Stalder, Inc. ("Stalder"). Stalder filed a complaint against Duran in county court seeking to recover a real estate commission. Duran filed an answer, raised affirmative defenses and shortly thereafter moved to strike the complaint. Eventually, a third amended complaint was filed, and Duran moved for an extension of time to file an answer. On September 25, 1995, Stalder stipulated to granting an extension until November 13, 1995.
On November 14, 1995, Stalder, without notice to Duran, filed a motion asking the clerk to enter a default. See generally, Fla. R. Civ. P. 1.500(a). The clerk entered a default against Duran on the same date. On December 4, 1995, the county court entered final judgment based on the default.
Duran filed a post-judgment motion to vacate default, Fla. R. Civ. P. 1.540(b), which was denied by the county court on January 23, 1996. Later, Duran moved the county court to set aside the subsequent sheriff's sale which occurred on February 13, 1996, pursuant to a writ of execution issued after the final judgment. On February 15, 1996, the county court denied the motion to set aside the sheriff's sale. On February 19, 1996, Duran filed a notice of appeal from the order denying the motion to set aside the sheriff's sale. The circuit court summarily affirmed, holding that Duran should have appealed the final judgment.
The clerk's authority to enter a default is set forth in Florida Rule of Civil Procedure 1.500(a). It provides:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
In the instant case, the default entered by the clerk was improper, as Duran had filed pleadings and a motion to extend time to answer the third amended complaint. See Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980).
Stalder points out that all of the pleadings and motions filed on behalf of Duran prior to final judgment were submitted by an out-of-state attorney who had not received permission from the county court to appear in the case. Nevertheless, case law indicates that documents filed or served by out-of-state counsel qualify as "paper," within the meaning of Rule 1.500(a). See Zephyr Aviation Services, Inc. v. Amerijet International, Inc., 631 So.2d 371 (Fla. 4th DCA 1994); EGF Tampa Associates v. Edgar V. Bohlen, 532 So.2d 1318 (Fla. 2d DCA 1988). The courts construe Rule 1.500(a) in liberal fashion to minimize ex parte actions and surprise. See also Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985); NCR Corp. v. Cannon & Wolfe Lumber Co., Inc., 501 So.2d 157 (Fla. 1st DCA 1987).
The circuit court held that Duran should have appealed the final judgment instead of the order denying the motion to set aside the sheriff's sale. However, Duran filed a motion to vacate the default judgment prior to the sheriff's sale. An order denying a Rule 1.540(b) motion for relief from judgment is appealable under Florida Rule of Appellate Procedure 9.130(a)(5). The order denying the motion to vacate the default judgment was entered on January 23, 1996. The notice of appeal was filed within 30 days of that order, on February 19, 1996. Although the notice of appeal designated the wrong order to be reviewed, it was clear from the initial brief, as acknowledged by the circuit court, that the clerk's default and final judgment were being challenged, and Duran was actually appealing the order denying the motion to vacate default judgment. Because the defective notice of appeal did not affect *629 the circuit court's jurisdiction, the circuit court misapplied the law in issuing a summary affirmance. In the absence of serious prejudice to the appellee, the appeal should have been disposed of on the merits. See Eggers v. Narron, 238 So.2d 72 (Fla.1970); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967); Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982). See also Fla. R.App. P. 9.040(d). The circuit court's appellate opinion did not even discuss whether Stalder was prejudiced by the defective notice of appeal. We therefore grant the petition, quash the circuit court's decision, and remand to the circuit court for further proceedings consistent with this opinion.
PETITION GRANTED; DECISION QUASHED; AND REMANDED.
W. SHARP and GOSHORN, JJ., concur.