389 So.2d 686 (1980)
James A. TURNER, Appellant,
v.
Charles H. ALLEN and George J. Allen, Appellees.
No. 79-447.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
Ann G. Paschall, Brooksville, for appellant.
Jeannette M. Haag, Inverness, for appellees.
*687 SHARP, Judge.
Turner (a defendant below) appeals from the trial court's denial of his motion to set aside a default and final judgment.[1] He argues the default was erroneously entered against him without notice by the clerk, pursuant to Florida Rules of Civil Procedure 1.500(a), because he had filed pleadings in the case. Turner contends the final judgment was also erroneously entered against him without notice because it involved the determination of unliquidated damages. We agree on both points, and reverse.
The plaintiffs below (the Allens) sued Turner and Jones[2] for the negligent loss or wrongful conversion of the Allens' 37 foot boat named the Marel III. Turner filed a motion to dismiss which was granted in part. The plaintiffs filed two amended complaints. Turner's attorney withdrew, and the attorneys for the parties signed a written stipulation giving Turner a 10 days stay of the proceedings so he could obtain a new attorney. The court approved the stipulation on May 3, 1979. On May 15, 1979, the plaintiffs filed a motion for default against Turner, without notice, and the clerk entered a default against Turner. Based on affidavits to establish the value of the Marel III and other items of damage suffered by the plaintiffs, the court entered a final judgment against the defendant for $11,740.57. No notice was given to the appellant of the Allens' application for the final judgment.
The power of the clerk to enter a default against a party is set forth in Florida Rules of Civil Procedure 1.500(a). It provides:
When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper. (Emphasis supplied).
If a party files pleadings as Turner did in this case (a motion to dismiss in response to the original complaint and a stipulation for withdrawal of counsel), Rule 1.500(a) is no longer applicable. The default entered by the clerk after the defendant had served and filed pleadings in the case was erroneous, and the court erred by not vacating the default and final judgment. Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974).
The plaintiffs argue that Turner was entitled to no relief from the default and the final judgment as well, because he failed to allege and establish "excusable neglect" and the existence of a "meritorious defense." Empire Electric Company v. R.J. Hunt Construction Company, 264 So.2d 114 (Fla. 4th DCA 1972). Under Florida's prior Rules of Court, defaults and judgments entered by clerks without express compliance with the rules were considered null and void. Kroier v. Kroier, 95 Fla. 865, 116 So. 753 (1928); Pan American World Airways, Inc. v. Gregory, 96 So.2d 669 (Fla. 1957); Albert M. Travis Co. v. Atlantic Coast Line R. Co., 102 Fla. 1117, 136 So. 884 (1931). There is no indication in the current Rules that this rule of law was changed. Therefore it is not necessary for a party seeking to set aside a default entered by the clerk contrary to Rule 1.500(a) to assert excusable neglect or the existence of a meritorious defense. Mo-Con Properties, Inc., 289 So.2d at 745. See also Freedman v. Freedman, 235 So.2d 544 (Fla. 3d DCA 1970).
Even if the default had been properly entered against Turner he was entitled to receive notice of the order setting a hearing on damages prior to entry of a final judgment because the claim involved unliquidated damages. B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). Florida Rules of Civil Procedure 1.440(c) expressly requires that notice be given under these circumstances:
In law actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who *688 are in default in accordance with Rule 1.080(a).
For the reasons stated above, the order denying relief from the final judgment and default is set aside and reversed and the cause is remanded.
REVERSED and REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] The motion was filed pursuant to Florida Rules of Civil Procedure 1.500(d) and 1.540(b).
[2] A separate default was entered against Jones on December 11, 1978.