PER CURIAM.
This case involves a default entered by the clerk and a default judgment subsequently rendered by the court. While it may be true that appellant did not timely file a pleading responsive to the cross-claim upon which default was entered, he had previously filed several documents in the case. Under such circumstances Florida law is reasonably clear that a clerk’s default under rule 1.500(a), Florida Rules of Civil Procedure, is inappropriate since it cannot be said that the defaulted party “has failed to file or serve any paper in the action_” See, e.g., Cardet v. Resolution Trust Corp., 563 So.2d 167 (Fla. 3d DCA 1990); Monte Campbell Crane Co. v. Hancock, 510 So.2d 1104 (Fla. 4th DCA 1987); Reicheinbach v. Southeast Bank N.A., 462 So.2d 611 (Fla. 3d DCA 1985); Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980).
Even if this were not so appellant would be entitled to relief, having acted with due diligence upon learning of the default, having demonstrated excusable neglect, and having alleged a meritorious defense. See Somero v. Hendry General Hosp., 467 So.2d 1103 (Fla. 4th DCA), rev. denied sub nom., Hay slip v. Somero, 476 So.2d 674 (Fla.1985).
We therefore reverse and remand for further appropriate proceedings. The default and default judgment consequent thereon are vacated.
REVERSED AND REMANDED.
DOWNEY, HERSEY and DELL, JJ., concur.