596 So.2d 754 (1992)
J. Ross ZIFF, Marye Louise Ziff, Black Diamond Refining Corporation, a Florida corporation, Black Diamond Refinery Corp., a foreign corporation, and Black Diamond Petroleum, Ltd., a foreign corporation, Appellants,
v.
James A. STUBER and Chandler R. Finley, d/b/a Law Offices of Stuber & Finley, f/k/a Law Offices of James A. Stuber, Appellees.
No. 90-3407.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
*755 Charles E. Burton of Burton & Burton, Fort Lauderdale, for appellants.
Michael J. Gelfand and Edward Dicker of St. John & King, West Palm Beach, for appellees.
PER CURIAM.
The appellants claim error in the trial court's failure to set aside a clerk's default where a "paper" was filed prior to the default. The appellees essentially allege that the clerk's default was appropriate because the paper, a letter, was, as a matter of law, interposed for delay. We reverse.
Twenty-three days after service, the plaintiffs applied for a clerk's default. Two days later, the Ziffs filed a letter on behalf of themselves and Black Diamond Petroleum, Ltd., with Mr. Ziff signing as the chairman and chief executive officer of the corporation, asking the court for additional time to respond. Three days after the letter was filed, the clerk entered a default against them and the two other appellant corporations not mentioned in the letter. The plaintiffs moved for a default judgment and the defendants filed an answer and moved to set aside the clerk's default. The trial court denied the motion to set aside the default. Thereafter, the court entered a default judgment.
Florida Rule of Civil Procedure 1.500(a) allows the clerk to enter a default where the defendant has served no "paper." Rule 1.500(a) is based on the premise that the failure to respond to the complaint indicates that a defendant is not contesting the case. Once "any paper" has been served, rule 1.500(b) requires service of a notice of application for default and requires the court, not the clerk, enter any default. Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (Fla. 1st DCA 1989).
The default entered by the clerk, with such a "paper" in the file, was contrary to rule 1.500(a). Florida courts liberally construe the term "any paper." A letter filed by an officer of a corporation advising the court that the corporation was attempting to hire counsel constituted a "paper." Building Insp. Serv., Inc. of Dade v. Olemberg, 476 So.2d 774 (Fla.3d DCA 1985). Similarly, a letter acknowledging a telephone conversation wherein appellee allowed appellant an additional two days to respond to a third party complaint was deemed to be a "paper." NCR Corp. v. Cannon & Wolfe Lumber Co., Inc., 501 So.2d 157 (Fla. 1st DCA 1987).
The filing of a nonresponsive "paper" filed as a delaying tactic, such as a notice of appearance, is an abuse of process supporting a default entered by the court under subsection (b) of the rule without notice of hearing. Picchi v. Barnett Bank of S. Fla., 521 So.2d 1090 (Fla. 1988). By law, the court, not the clerk, is responsible for evaluating the content of a paper filed prior to entry of a default. Therefore, in the absence of a valid default, and because an answer was filed prior to any action by the trial court, the court erred by failing to vacate the default.
The judgment is reversed as to the Ziffs and Black Diamond Petroleum, Inc. and affirmed as to the other corporate appellants not mentioned in the "paper." We *756 remand for the default to be vacated and for further proceedings.
DELL, STONE and WARNER, JJ., concur.