868 So.2d 584 (2004)
COLBY MATERIALS, INC., Appellant,
v.
CALDWELL CONSTRUCTION, INC., Appellee.
No. 5D02-3657.
District Court of Appeal of Florida, Fifth District.
February 20, 2004.
Rehearing Denied March 31, 2004.
Clifford M. Travis, Inverness, for Appellant.
Chris Polak, Ocala, for Appellee.
PALMER, J.
Colby Materials, Inc. appeals the final default judgment entered in favor of Caldwell Construction, Inc. Concluding that the trial court properly entered default on the showing that Colby Materials failed to properly respond to Caldwell Construction's complaint in a timely manner, we affirm.
Caldwell Construction filed suit against Colby Materials seeking reimbursement for an alleged double payment in connection with a construction contract executed by the parties. Colby Materials responded by filing a motion to strike the complaint and a motion to dismiss the action. However, both of the motions were prepared and filed pro se by the owner of Colby Materials, not by a licensed attorney. Caldwell Construction filed a motion to strike the motions as being unauthorized and filed a separate motion for default based on the fact that Colby Materials had failed to properly respond to its complaint. Colby Materials filed a response to the motion to strike. The response was prepared by a licensed attorney, and requested that the trial court deny the motion for default and permit counsel a reasonable time to respond to the complaint. However, Colby Materials filed no affidavits in opposition to the motion for default, establishing a valid excuse for not properly responding to the complaint nor a proposed responsive pleading. The trial court conducted a hearing on the *585 pending motions. Upon review, the trial court entered an order granting the motion to strike and the motion for default and, thereafter, entered a final judgment in favor of Caldwell Construction. This appeal followed.
Colby Materials argues that the trial court erred in entering a default judgment in this case because there is no indication that the pro se motions filed by its owner in response to Caldwell Construction's complaint prejudiced Caldwell Construction, that the owner of Colby Materials acted with knowledge that it was improper to file pro se motions on behalf of a corporation, or that such filings could not have been cured by the later appearance of counsel. We disagree.
Rule 1.500(b) of the Florida Rules of Civil Procedure authorizes a trial court to enter a default judgment against a party when the party fails to properly defend the action. Here, the record demonstrates that Colby Materials failed to properly respond to the complaint in a timely manner, and therefore, the trial court possessed the authority to enter a default.
In challenging the trial court's granting of the motion for a default judgment, the burden is on the appellant to show that the trial court erred. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Given that no affidavits were filed of record, Colby Materials could only have met its burden by presenting a transcript of testimony submitted at the motion hearing. However, Colby Materials failed to provide this court with either a transcript of the hearing or an approved statement of the evidence or proceeding pursuant to rule 9.200(b)(4) of the Florida Rules of Appellate Procedure. As a result, Colby Materials has failed to sustain its burden of proving any error. See All American Soup & Salad, Inc. v. Colonial Promenade, 652 So.2d 911 (Fla. 5th DCA 1995)(holding that, by failing to provide complete transcript, appellant failed to meet burden of establishing reversible error to overcome presumption of correctness afforded to trial court's decision); see also National Enterprises, Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001)(holding that in the absence of a transcript or stipulated statement reflecting any explanation as to good cause proffered to trial court, the district court of appeal could not conclude that trial court abused its discretion in dismissing the action for lack of prosecution).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.