926 So.2d 1181 (2006)
COLBY MATERIALS, INC., Petitioner,
v.
CALDWELL CONSTRUCTION, INC., Respondent.
No. SC04-774.
Supreme Court of Florida.
March 16, 2006.
*1182 D. Lance Langston, Tallahassee, FL, for Petitioner.
Michael D. Sechrest and Robert P. Butts of Fisher, Butts, Sechrest, and Warner, P.A., Gainesville, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Colby Materials, Inc. v. Caldwell Construction Inc., 868 So.2d 584 (Fla. 5th DCA 2004), which expressly and directly conflicts with the decision in Torrey v. Leesburg Regional Medical Center, 769 So.2d 1040 (Fla. 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons set forth below, we quash the decision of the Fifth District Court of Appeal and remand for further proceedings consistent with this opinion and our opinion in Torrey.

FACTS AND PROCEEDINGS BELOW
The facts and circumstances of this case leading up to this review appear in the Fifth District's opinion:
Caldwell Construction filed suit against Colby Materials seeking reimbursement for an alleged double payment in connection with a construction contract executed by the parties. Colby Materials responded by filing a motion to strike the complaint and a motion to dismiss the action. However, both of the motions were prepared and filed pro se by the owner of Colby Materials, not by a licensed attorney. Caldwell Construction filed a motion to strike the motions as being unauthorized and filed a separate motion for default based on the fact that Colby Materials had failed to properly respond to its complaint. Colby Materials filed a response to the motion to strike. The response was prepared by a licensed attorney, and requested that the trial court deny the motion for default and permit counsel a reasonable time to respond to the complaint. However, Colby Materials filed no affidavits in opposition to the motion for default, establishing a valid excuse for not properly responding to the complaint nor a proposed responsive pleading. The trial court conducted a hearing on the pending motions. Upon review, the trial court entered an order granting the motion to strike and the motion for default and, thereafter, entered a final judgment in favor of Caldwell Construction.

Colby Materials, Inc., 868 So.2d at 584-85 (emphasis supplied). On appeal, the Fifth District affirmed the trial court's entry of a default and final judgment due to Colby's failure to properly respond to the complaint in a timely manner, as alleged in Caldwell's motions to strike and for default. Id. at 585.

ANALYSIS
In seeking to invoke this Court's discretionary conflict jurisdiction, Colby Materials cites conflict with our decision in Torrey, in which we rejected the notion that a filing by an unlicensed attorney should be treated as a nullity. We concluded that "a complaint filed and signed by an attorney not licensed to practice in Florida is ... an amendable defect." Torrey, 769 So.2d at 1041. In Torrey, the original complaint was signed by an attorney licensed to practice in Michigan but not in Florida. *1183 Id. The defendants sought disqualification of the plaintiff's attorney and, later, dismissal of the plaintiff's complaint on the grounds that the original complaint was a nullity because it was not signed by a lawyer licensed in Florida. Id. at 1042. However, the trial court opted to require the plaintiff to demonstrate evidence of excusable neglect for not having a Florida lawyer endorse the complaint, and, after finding no excusable neglect, the trial court dismissed the complaint without prejudice. Id. On appeal, the Fifth District affirmed the dismissal, but in doing so, relied on the prevailing rule in Florida that "corporations must be represented by counsel" and held that the filing of a complaint on behalf of a corporation by an unauthorized lawyer was a nullity. Id.
We quashed the Fifth District in Torrey, finding fault with that court's bright-line nullity rule. Id. at 1045. Emphasizing that such a rule would place "the burden on the unwary litigant, not the offending attorney," and, furthermore, that it was "ill-suited to promote the policy served by the rule against the unauthorized practice of law," we concluded that there were other, more effective ways to punish attorneys engaging in the unauthorized practice of law. Id. at 1044-45.[1] In Torrey we expressed agreement with a portion of the opinion of the Third District Court of Appeal in Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247 (Fla. 3d DCA 1985), which held that a pleading filed by an improper agent should not be treated as a nullity but as an amendable defect. Torrey, 769 So.2d at 1044-46. We also stressed the importance of allowing cases to be decided on their merits, noting that such an approach is supported by liberal rules favoring the amendment of pleadings. Id. at 1045-46.
In quashing the Fifth District's decision in Torrey, we held that trial courts should not treat papers filed by unlicensed or unauthorized agents as an absolute nullity but, rather, should give litigants in such situations a reasonable opportunity to secure Florida counsel. Id. Only if the party does not timely act thereafter should sanctions be imposed. Id. Importantly, we expressly concluded that the entitlement to such an option does not require a demonstration of excusable neglect:
Finally, the respondents argue that the petitioner is not entitled to relief under Szteinbaum because, as the trial court concluded, the petitioner has not established excusable neglect. While the trial court determined that the petitioner did not establish excusable neglect, the court does not appear to have considered the other factors weighed by the Szteinbaum court of prejudice to the opposing parties and the policy favoring resolution of cases on the merits. Nevertheless, although we agree with the Szteinbaum court's rejection of the nullity rule, we believe that the policy of allowing cases to be decided on the merits whenever possible and the protection of litigants from the dangers associated with the unlicensed practice of law are best served by a rule of law that allows *1184 amendment of these defective pleadings without requiring the establishment of excusable neglect. Accordingly, consistent with the liberal rules regarding the amendment of pleadings, we conclude that a trial court must allow litigants a reasonable amount of time to amend their complaints with the appearance of authorized counsel. A dismissal should only be granted if the party fails to timely amend his or her pleading.
Id. at 1045-46 (footnote omitted). Because we conclude that the trial court's action in this case, and the Fifth District's opinion affirming that action, stand in conflict with this Court's holding in Torrey, we quash the Fifth District's decision.
Like Torrey, the instant case concerns the appropriate remedy when a party initially acts through an unlicensed or unauthorized agent. Caldwell sought an order striking the defendant's filings and the entry of a default based upon the fact that the defendant corporation's responsive filings were improperly filed by a corporate officer rather than a lawyer. The trial court granted the requested relief, rather than giving the offending corporation a reasonable opportunity to correct the defect in its filings as we mandated in Torrey. Caldwell now argues that the Fifth District only upheld the trial court's entry of a default because there was no record evidence demonstrating excusable neglect by Colby in failing to timely file pleadings through the agency of licensed and authorized counsel. However, Torrey clearly holds that a showing of excusable neglect is not required in allowing the amendment of pleadings rendered defective by the absence of an appropriate attorney-agent. Torrey, 769 So.2d at 1046. Hence, we conclude that the actions of the trial court and the district court conflict with Torrey.

CONCLUSION
In the instant case, the trial court faced a situation governed by our holding in Torrey, which, if applied, would have allowed Colby a reasonable amount of time to cure its mistake in failing to file responsive pleadings through the offices of a licensed Florida attorney. The Fifth District's decision below cannot be reconciled with our opinion in Torrey. Accordingly, we quash the decision of the Fifth District in this case and remand for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and LEWIS, QUINCE, and CANTERO, JJ., concur.
WELLS, J., dissents with an opinion, in which BELL, J., concurs.
BELL, J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissenting.
I dissent. I do not find there to be a conflict between the decision of the Fifth District Court of Appeal in this case and Torrey v. Leesburg Regional Medical Center, 769 So.2d 1040 (Fla.2000). Torrey did not involve the burden of establishing error in respect to the granting of a motion for a default judgment. That was the issue in this case.
BELL, J., concurs.
BELL, J., dissenting.
I agree with Justice Wells that jurisdiction was improvidently granted. Direct and express conflict does not exist between Torrey v. Leesburg Regional Medical Center, 769 So.2d 1040 (Fla.2000), and Colby Materials, Inc. v. Caldwell Construction, Inc., 868 So.2d 584 (Fla. 5th DCA 2004).
*1185 In Torrey, 769 So.2d at 1041, the question decided was "whether a complaint filed and signed by an attorney not licensed to practice in Florida is a nullity or an amendable defect." The Court answered that question by holding that "a trial court must allow litigants a reasonable amount of time to amend their complaints with the appearance of authorized counsel. A dismissal should only be granted if the party fails to timely amend his or her pleading." Id. at 1046.
The Fifth District never considered the question answered in Torrey because there was no basis for it to do so. Whether an unauthorized pleading is a nullity or an amendable defect is not discussed in Colby Materials because no unauthorized pleading was ever filed. More directly, no such pleading (or filing) was ever stricken without leave to amend. And, given the presumption of correctness that attaches to the trial court's ruling, the record certainly does not establish a sufficient basis to hold that the trial court erred in granting the motion for default by not allowing the appellant additional time to file a responsive pleading.
Instead of addressing any matter related to the entry of dismissals or defaults based upon unauthorized pleadings or filings, the question of law addressed by the Fifth District was whether "Rule 1.500(b)... authorizes a trial court to enter a default judgment against a party when the party fails to properly defend the action." Colby Materials, 868 So.2d at 585 (emphasis added). In its answer to this separate question, the court simply held that "the record demonstrates that Colby Materials failed to properly respond to the complaint in a timely manner, and therefore, the trial court possessed the authority to enter a default." Id.
In reaching this straightforward answer, the Fifth District noted that Caldwell Construction had filed both a motion to strike the two unauthorized motions filed by Mr. Adams and a separate motion for default. On behalf of Colby Materials, a licensed attorney filed a response to these two motions. In this response, Colby Materials expressly withdrew the two unauthorized motions. It also requested "that the trial court deny the motion for default and permit counsel a reasonable time to respond to the complaint." Id. at 584. And, as the district court further noted, Colby Materials never properly responded to the motion for default by filing or attempting to file an answer or other responsive pleading.
As a result of these filings by the parties, the appellee's motion for default and the appellant's response to that motion became the focus of the decisions by both the trial court and the Fifth Districtnot the motion to strike based upon the unauthorized filings. Again, that motion had been rendered moot by Colby Materials' own voluntary withdrawal of those filings.
In essence, the issue decided by the district court in Colby Materials was whether the trial court abused its discretion by entering a default rather than allowing the appellant an extension of time to file a responsive pleading. Because no pleadings or filings were ever stricken as unauthorized and because the record is not sufficient to establish that the trial court erred in granting the motion for default,[2]Torrey is wholly inapplicable. *1186 This being so, there is no express and direct conflict between Colby Materials and Torrey, and this matter should be dismissed because jurisdiction was indeed improvidently granted.
For the foregoing reasons, I respectfully dissent.
WELLS, J., concurs.
NOTES
[1] We explained in Torrey:

We conclude that there are better suited mechanisms available to discourage the unlicensed practice of law. An attorney engaging in the unlicensed practice of law is subject to injunctive relief and indirect criminal contempt under Chapter 10 of the Rules Regulating the Florida Bar, which governs the investigation and prosecution of the unlicensed practice of law. Additionally, an offending attorney would presumably be subject to disciplinary action in his or her home jurisdiction. These mechanisms, unlike the nullity rule, appropriately focus on the misconduct of the offending attorney rather than unduly penalizing litigants with dismissal of their complaints.
Id. at 1045 (footnotes omitted).
[2] In reaching its result, the Fifth District also concluded that, given that the appellant had filed no affidavits of record "establishing a valid excuse for not properly responding to the complaint nor a proposed responsive pleading,"

Colby Materials could only have met its burden [on appeal] by presenting a transcript of testimony submitted at the motion hearing. However, Colby Materials failed to provide this court with either a transcript of the hearing or an approved statement of the evidence or proceeding pursuant to rule 9.200(b)(4) of the Florida Rules of Appellate Procedure. As a result, Colby Materials has failed to meet its burden of proving any error.
Colby Materials, Inc. v. Caldwell Construction, Inc., 868 So.2d at 584-85.