CONFESSION OF ERROR
 

 PER CURIAM.
 

 United Insurance Group, Inc. (“United”), appeals an order denying its motion to set aside a Clerk’s Default and Final Judgment in favor of appellee Hiram Fi-gueredo (“Figueredo”). On appeal, Fi-gueredo confessed error. We agree with Figueredo, and we reverse.
 

 Through a non-attorney, corporative representative, United timely served a response to the complaint at issue in the form of a letter. Because this response was sufficient to require Figueredo to provide notice to United of his applications for default and final judgment, it was improper for the trial court to treat United’s response to the complaint as a nullity.
 
 See J.A.R., Inc. v. Universal Am. Realty Corp.,
 
 485 So.2d 467 (Fla. 3d DCA 1986); Fla. R. Civ. P. 1.500(b);
 
 see also Colby Materials, Inc. v. Caldwell Constr., Inc.,
 
 926 So.2d 1181 (Fla.2006);
 
 Szteinbaum v. Kaes Inversiones y Valores, C.A.,
 
 476 So.2d 247 (Fla. 3d DCA 1985),
 
 approved in part by Torrey v. Leesburg Reg’l Med. Ctr.,
 
 769 So.2d 1040 (Fla.2000). Because it is undisputed that Figueredo did not provide the required notice to United, we hold that the trial court abused its discretion in denying United’s motion to vacate the Clerk’s Default and Final Judgment. Accordingly, we reverse the trial court’s order and remand with instructions for the trial court to set aside the Clerk’s Default, Final Judgment, and the subsequently issued writs and judgment in garnishment.
 

 Reversed and remanded.