GERBER, J.
The borrower appeals from the trial court’s final judgment of foreclosure in the bank’s favor. The borrower primarily argues the court erred in denying the borrower’s pre-judgment motions to vacate the clerk’s default where the borrower had filed papers before the clerk entered the default. We agree with the borrower’s argument and reverse.
The bank filed a foreclosure action against the borrower. The borrower filed a motion to dismiss and/or quash service. The borrower later filed a separate motion to dismiss for failure to file a non-resident cost bond and a motion for extension of time to respond to the complaint. In response, the bank filed a non-resident cost bond. The court then denied the borrower’s motion to dismiss for failure to file a non-resident cost bond, granted the bor *469 rower’s motion for extension of time, and ordered the borrower to answer the complaint by a certain date. The borrower filed a motion for rehearing, upon which the court took no immediate action.
Nearly two years passed. During that period, the borrower failed to answer the complaint or file any further papers with the court.
The bank eventually filed a motion for a clerk’s default against the borrower. The bank did not include a certificate of service on the borrower. Instead, the bank certified that “no copy of an Answer or other pleading of the [the borrower] ,.. has been served on the [bank’s] attorney to the time of filing the above Motion for Default.” Despite the bank’s incomplete characterization of the record, the clerk entered a default against the borrower. The clerk’s default stated: “Copies not furnished — envelopes not provided.”
The court entered an order setting the action for a non-jury trial. The borrower filed a motion to strike the order setting trial.
On the day of the trial, the court entered an order denying the borrower’s motion for rehearing, and granting the borrower’s motion to strike the order setting trial. However, the order stated: “[The clerk’s] default shall remain entered. [The borrower] may file a motion to vacate default with affidavit.” The court reset the trial for a later date.
The borrower filed a verified motion to vacate the clerk’s default. The motion alleged:
• “The Court was advised by counsel to both the [bank] and [the borrower] that the Motion for a Default had not been served on counsel for [the borrower]. Undersigned counsel was actively engaged in the file, had filed numerous papers prior to the Motion for Default, and was entitled to receive a copy of the Motion for Default.”
• “[U]ndersigned counsel was never to the present date provided with a copy of the entered default.”
• “[The borrower] has every desire to defend himself in this action. The entry of a default was improper and should be vacated.”
• “Had [the borrower] been given timely notice of the Motion for Default, [the borrower] would have taken appropriate action to avoid the entry of a default accordingly.”
Attached to the motion were affidavits from the borrower’s attorneys stating that “the entry of the Default was improper given the appearance of counsel and the pending Motion for Rehearing, and should be vacated. ... Had [the borrower] been given timely notice of the Motion for Default, [the borrower] would have promptly taken appropriate action to avoid the entry of the Default.”
After a hearing, the court entered an order denying the borrower’s motion to vacate the clerk’s default on the ground that the borrower failed to demonstrate due diligence.
The borrower filed a motion for rehearing of that order. In the motion, the borrower argued:
• “[The bank] improperly moved for a Clerk’s Default despite the fact that [the borrower] had filed numerous papers in this action through undersigned counsel.”
• “Despite [the borrower’s] filing of record of numerous papers in this action, [the bank] failed to serve [the borrower’s] counsel with any motion or order for default.”
• “[T]he clerk improperly entered a clerk’s Default against the [borrower].”
*470 • “Applicable case law is abundantly-clear that the improper entry of a clerk’s default renders the default itself, void.”
• “[I]t was.unnecessary for the [borrower] to demonstrate the necessary requirements under Rule 1.540, Florida Rules'of Civil Procedure, such as a meritorious defense or due diligence in order to have the default vacated and set aside.”
The court denied the borrower’s motion for rehearing, and the trial proceeded.
At the beginning of trial, the borrower orally moved to vacate the clerk’s default. The cpurt denied the motion. The court then 'ordered that the borrower’s participation at trial would be limited to the issue of damages.
At the end of the trial, the court ruled in the bank’s, favor and entered a final judgment of foreclosure against the borrower.
This appeal followed. The borrower argues the court erred in denying the borrower’s motions to vacate the. clerk’s default where the borrower had filed papers before the clerk entered- the default. We review the court’s denials for an abuse of discretion. . See Makes & Models Magazine, Inc. v. Web Offset Printing Co., 13 So.3d 178, 181 (Fla. 2d DCA 2009)‘(“An order denying a motion to vacate a clerk’s default is reviewed under an abuse of discretion standard.”).
We agree with the borrower’s argument. Florida Rule of "Civil Procedure 1.500 (2013), entitled “Defaults and Final Judgments Thereon,” provides, in pertinent part:
(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any 'paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper. .■
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a. default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.
Fla. R. Civ.. P. 1.500(a), (b) (emphasis added). “Once ‘any paper’ has been served, rule 1.500(b) requires service of a notice of application for default and .requires the court, not the clerk, enter any default.” Ziff v. Stuber, 596 So.2d 754, 755 (Fla. 4th DCA 1992) (citation omitted). Accordingly, “when a party has served any paper in the action, a default entered by the clerk under Rule 1.500(a) ... is erroneous and upon timely application by such party, the default and any final judgment consequent thereon should be set aside." Mo-Con Props., Inc. v. Am. Mech., Inc., 289 So.2d 744, 745 (Fla. 4th DCA 1974).
Here, the clerk’s default was erroneous because the borrower had served papers in the action. Accordingly, the court erred in denying the borrower’s motions to vacate the clerk’s default, The consequent final judgment must be set aside.
The bank’s three arguments attempting to salvage the final judgment are all mistaken. We address each in turn.
First, the bank argues that the borrower’s focus on the clerk’s default is misplaced because the trial court entered the ultimate default in this case by denying the borrower’s motions to vacate the clerk’s default. The bank is mistaken. The trial court never entered a default. Rather, the trial court ordered that the clerk’s improperly-entered default “shall remain entered” *471 and thereafter erred by not vacating the clerk’s improperly-entered default. See Turner v. Allen, 389 So.2d 686, 687 (Fla. 5th DCA 1980) (trial court erred by not vacating the clerk’s default and consequent final judgment where the' defendant filed papers before the clerk ■ entered the default).
Second, the bank argues that the trial court was correct to deny the motions to vacate the clerk’s default because the borrower did not establish excusable neglect, a meritorious defense, and due diligence. Again, the bank is mistaken. “Because a default was entered erroneously by the clerk at a time when [the defendant] had, in fact, served papers in the cause, there was no requirement that [the defendant] establish excusable neglect, a meritorious defense, or due diligence.” Beztak Constr. Co. v. Kesling Carpets, Inc., a Div. of Old Mill Indus., Inc., 596 So.2d 1297, 1298 (Fla. 2d DCA 1992) (citation omitted).
Third, the bank argues that the default was proper because the borrower failed to answer the complaint after the court ordered him to do so, and then failed to take action in the case for two years. Once again, the bank is mistaken. As stated above, once a defendant files a paper in the action, the clerk no longer may enter a default against the defendant, regardless of whether the defendant has filed a timely response to the complaint. Cf. Carr v. Butler, 590 So.2d 508, 509 (Fla. 4th DCA 1991) (“While it may be true that appellant did not timely file a pleading responsive to the cross-claim upon which default was entered, he had previously filed several documents in the case. Under such circumstances Florida law is reasonably clear that a clerk’s default under rule 1.500(a) ... is inappropriate since it cannot be said that the defaulted party has failed to file or serve any paper in the action[.]”) (citations and internal quotation marks omitted).
Based on the foregoing, we reverse the final judgment of foreclosure in the bank’s favor. We remand with' instructions for the trial court to grant the borrower’s motions to vacate the clerk’s default and to proceed accordingly. The borrower’s remaining argument on appeal is moot.

Reversed and remanded for further proceedings. ' :

GROSS and KLINGENSMITH, JJ., concur.