DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSE LANNQUIST** a/k/a **ROSE LANNQUIST GOULDY,**
Appellant,

v.

**AMANDA MUNYON** a/k/a **AMANDA J. MUNYAN,**
**MICHAEL PEAK** a/k/a **MICHAEL PIEK, ERICA WOLF,**
**CARY LOWITZ,** and **KATHRYNE LEWIS,**
Appellees.

Nos. 4D19-2722 and 4D19-3371

[November 25, 2020]

Consolidated appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 502013CP003317XXXXNB.

Thomas J. Ali of Jupiter Legal Advocates, Palm Beach Gardens, for appellant.

Timothy M. Chiasson, Jonnie M. Jennings, and Daniel C. Perri of Perri & Jennings, Shalimar, for appellees Amanda Munyon and Michael Peak.

KUNTZ, J.

Rose Lannquist Gouldy, the personal representative of her late husband's estate, appeals two final orders in two consolidated appeals involving the attempted sale of real property to the appellees. We reverse and remand for further proceedings.

After the appellees petitioned for surcharge against the personal representative, the clerk of court entered a default for her failure to respond. The personal representative moved to vacate the default, arguing mistake, inadvertence, excusable neglect, meritorious defense, and due diligence. The court denied the personal representative's motion to vacate because she failed to timely respond to the appellees' petition for surcharge and failed to show mistake, inadvertence, or excusable neglect. The court entered a final default judgment against the personal representative.

On appeal, the personal representative argues the clerk's default was void. We agree. Because an improperly entered clerk's default is void ab initio, the personal representative did not need to raise this argument below. *See DeRosa v. Pugliese*, 782 So. 2d 1011, 1011 (Fla. 4th DCA 2001) ("[T]he clerk's default was void *ab initio* because appellants served their answer and affirmative defenses before the clerk entered its default. Therefore, appellants were not required to raise the argument in the trial court that the default was void . . . to preserve that point for appellate review." (citations omitted)).

"When a party against whom affirmative relief is sought has failed to file or serve any document in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such document." Fla. R. Civ. P. 1.500(a). But if the defendant filed any paper in the action, the clerk is not permitted to enter a default. *Stuart-Findlay v. Bank of Am., Nat'l Ass'n*, 183 So. 3d 468, 470 (Fla. 4th DCA 2016) (quoting *Ziff v. Stuber*, 596 So. 2d 754, 755 (Fla. 4th DCA 1992)). At that point, Florida Rule of Civil Procedure 1.500(b) "requires service of a notice of application for default and requires the court, *not* the clerk, enter any default." *Ziff*, 596 So. 2d at 755 (citation omitted).

In this case, the personal representative filed multiple documents before the clerk entered the default, including a designation of email address, a motion to withdraw as counsel, and an amended motion to withdraw as counsel. Other documents were filed, but one is sufficient. *See Robles v. Fed. Nat'l Mortg. Ass'n*, 255 So. 3d 986, 989 (Fla. 3d DCA 2018) (noting that the filing of a notice of appearance or a motion for an extension of time was "any paper").

The personal representative filed "any paper" before the entry of the clerk's default. We therefore reverse the circuit court's order denying the personal representative's motion to vacate the default and remand for further proceedings.

*Reversed and remanded for further proceedings.*

CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2