DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRIMECARE NETWORK, INC.,**
Appellant,

v.

**PAYROLL LLC.,**
Appellee.

Nos. 4D2024-0572 and 4D2024-0815

[November 13, 2024]

Consolidated appeals from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven Peter DeLuca, Judge; L.T. Case No. CONO23-002653.

David Thomas Valero of Valero Law PLLC, Miami, for appellant.

No appearance for appellee.

CONNER, J.

Appellant Primecare Network, Inc., the defendant below, has filed two appeals, one contesting the denial of its motion to vacate the default final judgment against it, the other contesting the writ of garnishment issued after the final judgment. We previously consolidated the appeals for review by the same panel. We now consolidate the appeals for all purposes and issue one opinion for both appeals.[1]

The appeal from the denial of the motion to vacate default final judgment raises multiple issues of procedural due process. We agree with the defendant's arguments that the default underlying the final judgment was void. In reversing the default final judgment, we address only the procedural due process arguments that rendered the default and the default final judgment void.

Our reversal of the default final judgment as void also requires us to quash the writ of garnishment as well. Our quashing of the writ of garnishment is without further discussion.

---

[1] Any post-opinion motions shall be filed under Case Number 4D2024-0572.

*Background*

The plaintiff filed a complaint against the defendant—a corporation—asserting counts for breach of contract, quantum meruit, and unjust enrichment. The complaint alleged the defendant had hired the plaintiff by an electronic agreement to prepare and submit on the defendant's behalf paperwork to the Internal Revenue Service ("IRS") for an employee retention credit ("ERC"). The plaintiff alleged it had prepared and submitted the paperwork, after which the defendant had obtained an ERC monetary refund from the IRS.

After service of the complaint, the defendant's CEO responded by filing a pro se document entitled "Affidavit." The affidavit disputed that an electronic agreement had existed between the parties and that the defendant had received the alleged ERC refund. Copies of back-and-forth emails between the parties were attached to the affidavit. The affidavit did not state the defendant's email address for service of further documents in the case. However, the affidavit's email attachments indicated the defendant had more than one email address and more than one physical location address. The defendant's pro se affidavit was filed by mail but was not served on the plaintiff.

The affidavit bears a clerk's stamp stating it was received for filing on May 4, 2023, although the affidavit was not docketed until May 8. Several hours after the affidavit was docketed, the plaintiff moved for a clerk's default. The plaintiff did not serve the motion on the defendant. The clerk entered its default on May 9.

The trial court treated the defendant's pro se affidavit as a motion to vacate the clerk's default and sua sponte set a hearing for June 6. The plaintiff appeared at the hearing with counsel. The defendant's CEO appeared at the hearing without counsel. Later that day, the trial court entered a written order after the hearing (the "June 6 order"). The June 6 order stated: (1) the trial court was taking no action on what it had characterized as a motion to vacate the clerk's default; (2) the defendant was to obtain counsel within forty-five days; and (3) the defendant's counsel was to enter an appearance within that same period. <u>The June 6 order did not state what actions the trial court would take in response to noncompliance</u>.

The June 6 order was served on the defendant by email at an incorrect email address for the defendant that does not appear in any of the documents filed by the parties. Because the service address for the

defendant was incorrect, <u>the defendant did not receive a copy of the June 6 order</u>.

After the forty-five-day deadline passed without any appearance by counsel for the defendant as ordered, the plaintiff moved to strike the defendant's pro se affidavit, characterizing it as an answer. The motion asked the trial court to "grant Plaintiff's Motion, enter an Order Striking Defendant's Answer, and grant any other relief to Plaintiff which this Court deems just and proper." <u>The motion did not ask the trial court to enter a judicial default</u>.

After the motion to strike hearing, the trial court issued an order granting the motion and entering a judicial default. The service list on the order listed only the plaintiff's counsel.

Several weeks later, the plaintiff moved for entry of a default final judgment. Two weeks after that, the trial court entered the default final judgment. The judgment's service list used the same erroneous email address for the defendant as the June 6 order.

The defendant learned of the default final judgment a few days after it was entered. The defendant retained counsel and moved to vacate the judgment. <u>The defendant argued the clerk's default was void because the clerk improperly entered a default even though the defendant had filed its pro se answer</u>. The defendant argued the order granting the motion to strike was void because the plaintiff had failed to properly serve either the motion or the notice of hearing on the defendant. <u>The defendant also argued the judicial default was void because the plaintiff's motion to strike did not ask that a judicial default be entered, and the entry of the judicial default violated due process</u>. In the alternative, the defendant argued excusable neglect for its noncompliance with the June 6 order based on the various service deficiencies. The defendant filed an affidavit of its CEO asserting facts supporting the motion to vacate. The defendant also filed an answer and affirmative defenses to the complaint.

At the hearing on the motion to vacate, the plaintiff argued the defendant could not show excusable neglect for its noncompliance with the June 6 order because the defendant's CEO had appeared at the June 6 hearing, and the order requiring the defendant to retain counsel was sent to a correct email address for the defendant (which is factually incorrect). The defendant's counsel did not correct the plaintiff's assertion that the June 6 order was sent to a proper email address for the defendant. Instead, the defendant pointed out that the plaintiff's argument had failed to address the other arguments in the motion to vacate.

The trial court denied the motion to vacate and entered a written order which found:

(1) the pro se affidavit was a nullity and the clerk's default was proper;

(2) the defendant's noncompliance with the order to obtain counsel was willful;

(3) the plaintiff's motion to strike the pro se affidavit was properly granted;

(4) the trial court exercised its inherent authority to enter a judicial default;

(5) the plaintiff filed and served a motion for default final judgment;

(6) the defendant did not show excusable neglect to support vacating the judgment in that the defendant's noncompliance with the June 6 order was willful; and

(7) the defendant did not show diligence in defending the action and seeking relief from judgment.

Notably, the trial court found the defendant had raised meritorious defenses.

After denying the motion to vacate the default final judgment, the trial court issued a writ of garnishment for one of the defendant's bank accounts.

The defendant timely appealed from the denial of the motion to vacate, the orders leading up to and the entry of the default final judgment, and the writ of garnishment.

*Appellate Analysis*

The defendant moved to vacate the default final judgment on four grounds: (1) the clerk's default was improper and thus void; (2) the order granting the motion to strike the pro se affidavit was void because neither the motion nor the notice of hearing was properly served; (3) the judicial default was void because the plaintiff never sought a judicial default; and (4) excusable neglect, due diligence, and meritorious defenses supported vacating the judgment. The defendant asserts the same grounds for

4

reversal on appeal. Because we reverse on the first and third grounds, we do not address the second and fourth grounds.

As to the first and third grounds, the core issue is whether the default was improperly entered, rendering it void. If the default is void, then the default final judgment is also void. *See Hendrix v. Dep't Stores Nat'l Bank*, 177 So. 3d 288, 291 (Fla. 4th DCA 2015); *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1096 (Fla. 4th DCA 2006) (holding a denial of due process "voids the default, and derivatively the default judgment"). If a judgment is void, the judgment must be vacated upon a motion to vacate pursuant to Florida Rule of Civil Procedure 1.540(b)(4). *See* § 1.540(b)(4); *MacDonnell v. U.S. Bank N.A.*, 293 So. 3d 585, 588 (Fla. 2d DCA 2020) ("[T]he trial court lacks discretion [with reference to rule 1.540(b)] when a final judgment is void[.]"); *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015) ("Where a final judgment is void, however, the trial court has no discretion and is obligated to vacate the judgment.").

We review a trial court's denial of a motion to vacate a clerk's default and denial of a motion to vacate a default final judgment for abuse of discretion. *Stuart-Findlay v. Bank of Am., Nat'l Assoc.*, 183 So. 3d 468, 470 (Fla. 4th DCA 2016); *Polymer Extrusion Tech. Inc. v. Glasshape Mfg., Ltd.*, 374 So. 3d 34, 38 (Fla. 4th DCA 2023). In contrast, de novo review is applied to a deprivation of procedural due process. *Garrison v. Williamson*, 372 So. 3d 1275, 1276 (Fla. 5th DCA 2023); *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019). Additionally, "[w]hether a judgment is void is a question of law reviewed de novo." *Spector v. Uber*, 250 So. 3d 720, 721 (Fla. 4th DCA 2018) (quoting *Vercosa*, 174 So. 3d at 552); *MacDonnell*, 293 So. 3d at 588 ("[T]he issue of whether a judgment is void is subject to de novo review.")).

Defaults are governed by Florida Rule of Civil Procedure 1.500:

(a) **By the Clerk.** When a party against whom affirmative relief is sought <u>has failed to file or serve any document</u> in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such document.

(b) **By the Court.** When a party against whom affirmative relief is sought has <u>failed to plead or otherwise defend</u> as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that <u>if such party has filed or served any document in the action, that party must be served with notice of the application for default</u>.

. . . .

>(d) **Setting aside Default.** The court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b).

Fla. R. Civ. P. 1.500 (underline emphasis added).

We analyze the defendant's arguments that both defaults were improperly entered in turn.

*The Clerk's Default*

Rule 1.500(a) has been interpreted to require that "[i]f the defendant filed any paper in the action, the clerk is not permitted to enter a default. At that point, [rule] 1.500(b) requires service of a notice of application for default and requires the court, not the clerk, enter any default." *Lannquist v. Munyon*, 307 So. 3d 782, 783 (Fla. 4th DCA 2020) (citations and quotation marks omitted); *see also Cardona v. FirstBank Puerto Rico*, 336 So. 3d 418, 422 (Fla. 3d DCA 2022) (holding the "any document" requirement is to be interpreted "broadly and liberally"); *Ziff v. Stuber*, 596 So. 2d 754, 755 (Fla. 4th DCA 1992) (holding a letter filed by corporate representative seeking additional time to respond to the complaint was a "paper" precluding a clerk's default).

Here, the clerk's default was improper at the time it was entered. The defendant, through its CEO, filed the pro se affidavit at least four days prior to the clerk entering the default. At the time of filing, the affidavit was "any document" contemplated by rule 1.500(a), rendering the clerk's default improper. Moreover, in *Colby Materials, Inc. v. Caldwell Construction, Inc.*, 926 So. 2d 1181 (Fla. 2006), the supreme court reaffirmed its holding in *Torrey v. Leesburg Regional Medical Center*, 769 So. 2d 1040 (Fla. 2000), rejecting the treatment of "papers filed by unlicensed or unauthorized agents as an absolute nullity." *Colby Materials*, 926 So. 2d at 1183.

As we said in *Stuart-Findlay*:

>"Once 'any paper' has been [filed], rule 1.500(b) requires service of a notice of application for default and requires the court, not the clerk, enter any default." *Ziff v. Stuber*, 596 So. 2d 754, 755 (Fla. 4th DCA 1992) (citation omitted). Accordingly, "when a party has [filed] any paper in the action,

6

> a default entered by the clerk under Rule 1.500(a) . . . is erroneous and upon timely application by such party, the default and any final judgment consequent thereon should be set aside." *Mo–Con Props., Inc. v. Am. Mech., Inc.*, 289 So. 2d 744, 745 (Fla. 4th DCA 1974).

*Stuart-Findlay*, 183 So. 3d at 470; *see also Turner v. Allen*, 389 So. 2d 686, 687 (Fla. 5th DCA 1980) (holding the trial court erred by not vacating the clerk's default and consequent final judgment where the defendant filed papers before the clerk entered the default). We note also that in *Stuart-Findlay*, we rejected a bank's argument that the clerk's default should be affirmed because the borrower failed to answer the complaint after the trial court had ordered him to do so, and then failed to act in the case for two years. *Stuart-Findlay*, 183 So. 3d at 471.

The clerk's default here was void. "[A]n improperly entered clerk's default is void ab initio." *Lannquist*, 307 So. 3d at 783. This is not a case where the defendant ignored the complaint. Rather, the defendant actively attempted to answer the complaint. The trial court should have recognized this at the June 6 hearing, especially because the trial court sua sponte had construed the affidavit as a pro se motion to vacate the clerk's default. The trial court also should have recognized the impropriety of the clerk's default in considering the defendant's motion to vacate the final default judgment.

The fact that the trial court later struck the affidavit as a pro se answer does not change the default's impropriety. The clerk does not exercise discretion in entering defaults—its ability to enter a default is ministerial as authorized by rule. *See Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020) (noting clerk's defaults are "entered as a ministerial matter"). At the time of the clerk's default, the defendant's pro se affidavit had been received by the clerk for filing. The clerk simply did not have authority to enter a default under rule 1.500(a). Thus, the trial court's determination that the clerk's default was proper was error.

Because the clerk's default was void, a default final judgment based on the clerk's default was also void (unless a valid judicial default had occurred, which, as discussed below, had not). *See Stuart-Findlay*, 183 So. 3d at 470; *Turner*, 389 So. 2d at 687.

*The Judicial Default*

The defendant argues that the trial court should have vacated the judicial default as void because (1) the order requiring the defendant to

obtain counsel contained no warning that a judicial default would be entered for noncompliance; and (2) the plaintiff failed to file a motion specifically seeking a judicial default.

"Due process requires the right to notice and a reasonable opportunity to be heard before judgment is rendered." *Pratt v. Dep't of Revenue*, 293 So. 3d 1099, 1100 (Fla. 4th DCA 2020). "A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void." *Viets*, 922 So. 2d at 1095 (involving a lack of notice of the application for a default).

The trial court acted appropriately sua sponte in affording the defendant a reasonable opportunity to amend the "pleadings rendered defective by the absence of an appropriate attorney-agent." *Colby Materials*, 926 So. 2d at 1184; *cf. United Ins. Grp., Inc. v. Figueredo*, 65 So. 3d 1216, 1217 (Fla. 3d DCA 2011) (holding it was improper for the trial court to have treated as a nullity United's timely-served response to the complaint in the form of a letter by a non-attorney corporative representative). However, the June 6 order did not include any warnings that the trial court would impose sanctions, strike the pro se affidavit, or enter a default for noncompliance in obtaining counsel. Even more problematic, the order was served on the defendant by email at an incorrect email address for the defendant that does not appear in any documents filed by the parties. Thus, even if the June 6 order had included warnings, it was not served on the defendant.

We have said it is fundamental under rule 1.500(b) that notice of the intention to enter a default be served on the defending party where the defending party has already filed a document in response to the complaint. *See Zeigler v. Huston*, 626 So. 2d 1046, 1048 (Fla. 4th DCA 1993). The failure to give adequate notice of the intention to have a default entered, as required by rule 1.500(b), constitutes a violation of due process. *Id.* Significantly, in *Zeigler*, the rule 1.500(b) notice requirement was applied to reverse a judicial default entered for the appellant's willful and deliberate disregard of the trial court's prior orders. *Id.*

It therefore appears the defendant here was never notified that a default would be entered if the defendant did not timely obtain counsel. Without a trial court order notifying the defendant of the potential for a default for noncompliance with the court's directive, it cannot be said that the requirement for advance notice of an application for a judicial default was

met.  *See* Fla. R. Civ. P. 1.500(b) (requiring service of an application for a judicial default).[2]

While the trial court's failure to provide notice that a default would be entered for noncompliance with the order to obtain counsel renders the judicial default on that basis void, our analysis does not end there.  As discussed by the trial court in the order denying the motion to vacate, the trial court entered the judicial default after the plaintiff had moved to strike the pro se affidavit as an answer to the complaint.  The motion to strike was set for a hearing.  However, <u>the motion to strike did not request or give any advance notice that the plaintiff was applying for a judicial default</u>.  Thus, again there was no compliance with the rule 1.500(b) requirement that the defendant be served with an application for a judicial default.[3]

In entering the judicial default, we conclude the trial court denied procedural due process to the defendant in two ways: (1) by entering a judicial default for noncompliance with a judicial order where the order did not warn a default would be entered for noncompliance and was not properly served on the defendant; and (2) by entering a judicial default based on a motion to strike a pro se affidavit, where the motion contained no notice of application for a judicial default.  The trial court's denial of procedural due process rendered the judicial default void.  *See Hendrix*, 177 So. 3d at 291; *Viets*, 922 So. 2d at 1096.  Because the judicial default was void, the default final judgment based on the judicial default was also void.  *Id.*

---

[2] Even if the trial court had stated orally at the June 6 hearing that a default would be entered if the defendant failed to obtain counsel, we question whether such an oral pronouncement would have been sufficient to satisfy the rule 1.500(b) notice requirement for an application for a judicial default.  *See Glick v. Glick*, 874 So. 2d 1238 (Fla. 4th DCA 2004) (reversing contempt order based on the failure of a prior order to include oral pronouncements by the trial court).

[3] An ore tenus motion for a judicial default by the plaintiff at the motion to strike hearing would not have complied with the rule 1.500(b) notice requirement for an application for a judicial default.  *See Iteka Int'l v. Hinson*, 671 So. 2d 204, 205 (Fla. 4th DCA 1996); *Clearvalle, Inc. v. Cohen*, 561 So. 2d 1354, 1354 (Fla. 4th DCA 1990) (holding an ore tenus motion for default did not satisfy the requirement for proof of <u>service of notice of application for default</u> in rule 1.500(b)).

*Conclusion*

Multiple failures by the plaintiff and the trial court to comply with the rules of civil procedure, which were adopted to afford defendants procedural due process, rendered the clerk's default, the judicial default, and the default final judgment void. Because the default final judgment is void, the trial court erred in denying the motion to vacate the default final judgment. We therefore reverse the denial of the motion to vacate, as well as the order upholding the clerk's default and entering a judicial default, and the default final judgment. We remand with instructions for the trial court to vacate these orders and the default final judgment.

Because we reverse the default final judgment, we also quash the writ of garnishment and remand for the trial court to vacate the writ and any other orders or judgments entered pursuant to the writ of garnishment.

*Reversed and remanded with instructions.*

WARNER and MAY, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**